Bruce **BUCHANAN**, Plaintiff-Appellant,

v.

**BOH BROTHERS CONSTRUCTION COMPANY, INC.,**
Defendant-Appellee.

No. 82–3755.

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 1984.

Gardner Robein & Healey, Jerry L. Gardner, Jr., Robert H. Urann, Metairie, La., for plaintiff-appellant.

Kullman, Lang, Inman & Bee, Walter W. Christy, Robert F. Spencer, Jr., New Orleans, La., for defendant-appellee.

\* District Judge of the Western District of Louisiana, sitting by designation.

Before BROWN and RANDALL, Circuit Judges, and HUNTER\*, District Judge.

JOHN R. BROWN, Circuit Judge:

This is a suit for damages resulting from the discharge of a welder in retaliation for his having previously filed a Jones Act suit against a former employer. We affirm the summary dismissal for lack of jurisdiction without prejudice to the plaintiff's substantive rights in state court.

Bruce Buchanan was employed as a welder by Boh Brothers,[1] a large construction company in New Orleans. He was assigned to new construction of a barge at Boh's construction yard adjoining navigable waters, and admittedly performed this task well for two weeks. Nevertheless, after two weeks he was fired, because Boh learned that he had previously filed a Jones Act suit against his previous employer, for whom he had worked as a diver before becoming disabled from that occupation as a result of an on-the-job accident.

There being no diversity, Buchanan brought suit in federal court alleging jurisdiction "pursuant to the cause of action recognized in the case of *Smith v. Atlas Off-Shore Boat Service, Inc.*, 653 F.2d 1057 (5th Cir.1981), and under all federal statutes, laws and regulations in admiralty including the Jones Act ..." The District Court dismissed the suit for lack of admiralty jurisdiction pursuant to a motion for summary judgment.

### Jurisdiction

As a "shipbuilder" working in an area "adjoining ... [navigable waters] ... used by an employer in [building a vessel], Buchanan was engaged in 'maritime employment,' and thus would be covered by the Longshoremen and Harbor Workers' Compensation Act, 33 U.S.C. § 902(3), (4)

---

1. Because the suit was dismissed by summary judgment, we view the facts most favorably to the plaintiff.

(LHWCA). *See also Calbeck v. Travelers Insurance Co.*, 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962). However, this is not a claim for personal injury or death for which the LHWCA provides compensation, but is instead a suit for retaliatory discharge. Thus, there is no jurisdiction under the personal injury provisions of the LHWCA.

The LHWCA contains its own retaliatory discharge cause of action:

It shall be unlawful for any employer or his duly authorized agent to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer, or because he has testified or is about to testify in a proceeding under this chapter.

33 U.S.C. § 948a. However, Buchanan's discharge was not motivated by a claim under the LHWCA, but by a Jones Act claim. Thus, Section 948a is inapplicable.

█ In *Smith*, this Court recognized a cause of action under the general maritime law for the discharge of one then engaged in the work of a seaman in retaliation for his having filed suit against his employer.

However, Buchanan was not employed by Boh Brothers as a seaman, and thus the admiralty jurisdiction provided by the seaman's employment and discharge does not reach this case. Although in the LHWCA 1972 amendments Congress, pursuant to its admiralty-maritime powers, extended certain admiralty remedies to new ship construction workers landward of the *Jensen* line who were not previously within the admiralty jurisdiction, *Jacksonville Ship-*

yards, Inc. v. Perdue*, 539 F.2d 533 (5th Cir.1976); *Alabama Dry Dock v. Kininess*, 554 F.2d 176 (5th Cir.1977); *Ingalls Shipbuilding Corp. v. Morgan*, 551 F.2d 61 (5th Cir.1977); *Dravo v. Maxin*, 545 F.2d 374 (3d Cir.1976), this Court has recently held that the 1972 LHWCA amendments did not generally bring workers engaged in construction of new vessels landward of the *Jensen* line within the admiralty jurisdiction for purposes other than the LHWCA. *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1183–87 (5th Cir.1984).

Nor is this case, as the plaintiff argues, a continuation of his previous Jones Act suit for purposes of a continuing jurisdiction of the federal courts. The previous suit was settled with finality. Buchanan's previous employer is not a party to this suit. Nor was Boh Brothers a party to the previous suit. Thus, there is no jurisdictional continuity.

Our ruling today is without prejudice to the rights of Buchanan to enforce his substantive rights in state court.[2]

AFFIRMED.

█

---

2. Louisiana statutory law provides: "No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state *or of the United States*." (Emphasis added). LSA, R.S. 23:1361 B (West Supp.1984). *See Wiley v. Missouri Pacific R. Co.*, 430 So.2d 1016 (La.App. 3d Cir.1982) (R.S. 23:1361 applicable to discharges in retaliation for FELA claims).

Apparently, Buchanan's state law claim could not prescribe during the pendency of this suit in a court without jurisdiction.

Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

La.Civ.Code Ann. art. 3462 (West Supp.1984).