593 So.2d 336 (1992)
Jacqueline SAMPSON
v.
WENDY'S MANAGEMENT, INC.
No. 91-CC-1281.
Supreme Court of Louisiana.
January 17, 1992.
Albert William Block, Jr., West Monroe, for applicant.
Robert McCullere Baldwin, Hudson, Potts & Bernstein, Monroe, for respondent.
HALL, Justice.
The issue before us concerns whether district courts have been divested of jurisdiction of the cause of action for retaliatory discharge created by LSA-R.S. 23:1361 by reason of the 1990 amendment to LSA-Const. Art. V, § 16. LSA-R.S. 23:1361 imposes civil penalties on an employer for discharging or refusing employment to an employee or applicant because of the prior assertion of a claim for worker's compensation benefits. The constitutional amendment divested district courts of jurisdiction of worker's compensation matters where administrative agency determinations are provided for such matters by law, and purported to retrospectively ratify LSA-R.S. 23:1310.3(A)(4) which vested hearing officers of the Office of Worker's Compensation Administration with "original, exclusive jurisdiction over all claims filed pursuant to the Worker's Compensation Act."
Because we find the cause of action for retaliatory discharge created by LSA-R.S. 23:1361 constitutes a delictual employment law matter rather than a worker's compensation matter, we conclude that district courts have not been divested of jurisdiction over such an action and, consequently, that LSA-R.S. 23:1310.3 is not applicable.

FACTS AND PROCEDURAL BACKGROUND
Plaintiff, Jacqueline Sampson, received worker's compensation benefits for an injury she sustained on August 16, 1989, in the course of her employment with defendant, Wendy's Management, Inc. On December 18, 1989, Sampson was given a separation *337 notice from Wendy's and was subsequently terminated.
Sampson filed suit in district court on July 24, 1990, under LSA-R.S. 23:1361 for penalties resulting from her alleged retaliatory discharge. Contending OWCA had original, exclusive jurisdiction over worker's compensation matters under LSA-R.S. 23:1310.3, Wendy's filed exceptions of prematurity and lack of subject matter jurisdiction.
Wendy's exceptions were overruled by the district court on its finding that it had not been divested of jurisdiction over this claim because the action for retaliatory discharge under LSA-R.S. 23:1361 constituted a claim for "civil penalties" rather than a suit for worker's compensation benefits.
The court of appeal granted Wendy's application for supervisory review and reversed the trial court's ruling. Sampson v. Wendy's Management, Inc., 580 So.2d 430 (La.App. 2d Cir.1991). That court determined a claim for retaliatory discharge constitutes a worker's compensation matter under LSA-Const. Art. V, § 16. It also concluded that since the claim is created by the Worker's Compensation Act such a claim is included in the LSA-R.S. 23:1310.3 jurisdictional grant to OWCA. This court's per curiam decision in Fontenot v. R. LeJeune Machine Shop & Iron Works, Inc., 534 So.2d 429 (La.1988), which held a claim for retaliatory discharge did not fall within LSA-C.C.P. Art. 1732's prohibition of a jury trial in worker's compensation proceedings, was determined not to be dispositive of the case at hand since that decision was rendered prior to the enactment of LSA-R.S. 23:1310.3. The constitutional amendment was found to have expressly retrospectively ratified LSA-R.S. 23:1310.3 and, consequently, the district court was determined to lack subject matter jurisdiction since suit was filed after LSA-R.S. 23:1310.3's effective date of January 1, 1990.
The court of appeal dismissed plaintiff's suit without prejudice. We granted plaintiff's writ application. 584 So.2d 662 (La. 1991).

ANALYSIS
Effective November 7, 1990, LSA-Const. Art. V, § 16 was amended to provide for original jurisdiction of all civil and criminal matters in district courts except as otherwise authorized by the constitution or "except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters." That amendment purported to retrospectively ratify LSA-R.S. 23:1310.3, effective January 1, 1990, which vested original, exclusive jurisdiction over "all claims filed pursuant to the Worker's Compensation Act" with the OWCA hearing officers, but was declared unconstitutional by this court in Moore v. Roemer, 567 So.2d 75 (La. 1990), rehearing denied October 4, 1990.
Our initial inquiry pertains to the nature of a claim for retaliatory discharge under LSA-R.S. 23:1361 as district courts are only divested of jurisdiction of worker's compensation matters and then only where administrative agency determinations have been provided for such matters by law.
LSA-R.S. 23:1361 provides:
A. No person, firm or corporation shall refuse to employ any applicant for employment because of such applicant having asserted a claim for worker's compensation benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Section shall require a person to employ an applicant who does not meet the qualifications of the position sought.
B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer *338 who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year's earnings, together with a reasonable attorney's fee.
LSA-R.S. 23:1361 prohibits discrimination by employers in their hiring and firing policies against those who have exercised their right to worker's compensation benefits. As such, LSA-R.S. 23:1361 was recognized by this court in Moore v. McDermott, Inc., 494 So.2d 1159 (La.1986), to constitute a statutory exception to employment at will as codified in LSA-C.C. Art. 2747. See also Cahill v. Frank's Door and Bldg. Supply, 590 So.2d 53 (La. 1991). Employment at will has also been limited in other instances to protect the rights of those participating in protected activities or those asserting protected rights or those who fall in a protected class. See LSA-R.S. 23:891 et seq.
The purpose of LSA-R.S. 23:1361 has been defined as the prevention of unjust dismissals where employees are terminated for asserting their rights to worker's compensation benefits so as to allow employees to exercise their right to such benefits without retaliatory action by their employer. Ducote v. J.A. Jones Const. Co., 471 So.2d 704 (La.1985). Accordingly, the behavior prohibited by the statute is the violation by an employer of his statutorily imposed duty not to discriminate against worker's compensation claimants. When an employer violates this statutorily imposed duty, his actions are tortious.
The discharge of an employee in retaliation for filing a worker's compensation claim was also found to be tortious in Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App. 2d Cir.1991), Arvie v. Century Tel. Enterprises, Inc., 452 So.2d 392 (La.App. 3d Cir.1984) and Spencer v. Howard, Weil, Et Al., 543 So.2d 547 (La.App. 4th Cir.), writ denied, 546 So.2d 1217 (1989).
Numerous other states have recognized an exception to employment at will where employees are discharged in retaliation for the exercise of their rights to worker's compensation benefits. In such instances, the employees have been determined to have a cause of action, whether statutorily or judicially created, against their employer in tort for wrongful discharge. See, e.g., Kelsay v. Motorola, Inc., 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978); Frampton v. Central Indiana Gas Company, 260 Ind. 249, 297 N.E.2d 425 (1973); Springer v. Weeks and Leo Co., Inc., 429 N.W.2d 558 (Iowa 1988); Firestone Textile Co. Div. v. Meadows, 666 S.W.2d 730 (Ky. 1983); Sventko v. Kroger Co., 69 Mich. App. 644, 245 N.W.2d 151 (1976); Dake v. Tuell, 687 S.W.2d 191 (Mo. banc 1985); Hansen v. Harrah's, 100 Nev. 60, 675 P.2d 394 (1984); Krein v. Marian Manor Nursing Home, 415 N.W.2d 793 (N.D.1987); Pierce v. Franklin Elec. Co., 737 P.2d 921 (Okl.1987); Brown v. Transcon Lines, 284 Or. 597, 588 P.2d 1087 (1978); Clanton v. Cain-Sloan Co., 677 S.W.2d 441 (Tenn. 1984); Griess v. Consolidated Freightways Corp., 776 P.2d 752 (Wyo.1989). See also 2A Larson, The Law of Workmen's Compensation, § 68.36(A) (Supp.1991).
Although enacted as an amendment to the Louisiana Worker's Compensation Act and although the existence of the action is contingent upon an employee or prospective employee being terminated or refused employment because of the assertion of a claim for worker's compensation benefits, we conclude the cause of action created by LSA-R.S. 23:1361 constitutes a delictual employment law matter, as a statutory exception to employment at will, rather than a worker's compensation matter.
The location in the Revised Statutes of a statute which creates a cause of action is not necessarily determinative of the nature of that action. The fact that the statute recognizing the cause of action for retaliatory discharge appears in the Chapter on Worker's Compensation does not alone make the action a worker's compensation matter. The fact that the Worker's Compensation *339 Act does not provide a prescriptive period for the action nor a procedure for the administration of the action supports the finding that the action does not constitute a worker's compensation matter. Even if we were to find that the action for retaliatory discharge constituted a worker's compensation matter, district courts would still not be divested of jurisdiction as an administrative agency determination of this action has not been provided for by law. The claims for which hearing officers are given original, exclusive jurisdiction under LSA-R.S. 23:1310.3 are claims for any compensation or benefits. The Worker's Compensation Act only provides for the administrative agency determination of benefits and penalties directly associated with the employee's work-related injury and his receipt of worker's compensation benefits. See LSA-R.S. 23:1291 et seq.
Our determination of LSA-R.S. 23:1361's nature is supported by the Iowa Supreme Court's decision in Springer v. Weeks and Leo Co., Inc., 429 N.W.2d 558 (Iowa 1988), where that court recognized a cause of action in tort for the wrongful discharge of an employee because that employee pursued his statutory right to worker's compensation benefits. The court disagreed with the employer's contention that this was a matter properly left to the legislature and explained:
The issue is, we believe, a generic one more nearly related to the common-law tort which has been recognized for improper interference with existing business relationships than with any single substantive topic with which the legislature might deal. It is not, for example, a workers' compensation issue. It is an employment law issue which may arise in a variety of circumstances, one of which happens to involve workers' compensation claims. (Emphasis added.)
429 N.W.2d at 561.
Whether an action for retaliatory discharge would exist under general tort law, LSA-C.C. Art. 2315, absent legislation is not at issue in this case since the legislature of this state has acted to create a cause of action for retaliatory discharge. However, the reasoning of the Iowa Supreme Court as to the nature of the claim is equally applicable in this case. The cause of action created by LSA-R.S. 23:1361 focuses on the employer or prospective employer's action in discriminating against an employee or prospective employee because of his assertion of his statutory right to worker's compensation benefits. LSA-R.S. 23:1361 has nothing to do with the employee's entitlement to worker's compensation benefits or with the injury the employee has sustained which may or may not lead to his receipt of worker's compensation benefits.
The distinct nature of a claim for retaliatory discharge was also recognized in Pope v. Bethesda Health Center, Inc., 813 F.2d 1306 (4th Cir.1987). In determining that a release executed by an employee releasing her employer from present or future claims arising under Maryland's worker's compensation statute for her work-related injury did not bar her claim for retaliatory discharge, that court stated:
Pope's claim does not stem from her injury and thus fails to satisfy the second condition. Pope does not allege a cause of action for injury, disablement or disability stemming from an accident in the course of her employment. Rather she alleges a separate, distinct and different cause of actionher wrongful discharge because she asserted her right to worker's compensation benefits.
813 F.2d at 1308.
Because we conclude the action for retaliatory discharge created by LSA-R.S. 23:1361 does not constitute a worker's compensation matter or claim, district courts have not been divested of jurisdiction of this cause of action. Our decision in Fontenot v. R. LeJeune Machine Shop & Iron Works, Inc., supra, remains viable. A cause of action determined not to constitute a "worker's compensation matter" would also not constitute a "worker's compensation proceeding."
Other considerations dictate the district court to be the proper forum in which to *340 bring a claim for retaliatory discharge under LSA-R.S. 23:1361.
LSA-R.S. 23:1361 provides for the receipt of civil penalties where an employer retaliates against an employee or applicant for employment because of that person's prior assertion of a claim for benefits "under the provisions of this Chapter or under the law of any state or of the United States." In Buchanan v. Boh Bros. Const. Co., Inc., 741 F.2d 750 (5th Cir. 1984), a prior Jones Act claimant was determined to have a cause of action under LSA-R.S. 23:1361 where he alleged that he had been discharged in retaliation for his having previously filed a Jones Act suit against a former employer. In Wiley v. Missouri Pacific R. Co., 430 So.2d 1016 (La.App. 3d Cir.1982), writ denied, 431 So.2d 1055 (1983), a former railroad employee was determined to have a cause of action under LSA-R.S. 23:1361 for his discharge by his employer in retaliation for having previously filed and settled a claim under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.
LSA-R.S. 23:1361 is not limited in application to discharge in retaliation to a prior claim for worker's compensation benefits under the Louisiana Worker's Compensation Act. The legislature did not intend to protect from discrimination only those workers who have filed worker's compensation claims under Louisiana law. Accordingly, it would be illogical to require employees who did not assert a claim under the Louisiana Worker's Compensation Act to file their claim for retaliatory discharge with this state's Office of Worker's Compensation Administration. OWCA was created to administer the provisions of the Louisiana Worker's Compensation Act. LSA-R.S. 23:1291.
The independent nature of the claim for retaliatory discharge may not be so visible when an employee is discharged soon after he files a claim for worker's compensation benefits by the employer against whom the worker's compensation claim is made. However, the distinct nature of this cause of action is evident where an employer allegedly discharges an employee upon learning that the employee had filed a worker's compensation claim against a previous employer, see Buchanan v. Boh Bros. Const. Co., Inc., supra, or where an employment applicant is not hired because that applicant filed a worker's compensation claim against a previous employer. In these scenarios, the lack of connexity between the retaliatory discharge claim and the worker's compensation claim is clearly demonstrated.
Because we determine that an action brought under LSA-R.S. 23:1361 does not constitute a worker's compensation matter under LSA-Const. Art. V, § 16, we need not determine whether the constitutional amendment to LSA-Const. Art. V, § 16 retrospectively ratified LSA-R.S. 23:1310.3 so as to make the statute applicable to worker's compensation claims filed after the January 1, 1990 effective date of the statute and prior to the November 7, 1990 effective date of the constitutional amendment. That issue remains for another day.
The trial court properly overruled Wendy's exceptions of prematurity and lack of subject matter jurisdiction. The trial court has jurisdiction of Sampson's action against Wendy's for retaliatory discharge as it does not constitute a worker's compensation matter under LSA-Const. Art. V, § 16 nor a claim for compensation or benefits under LSA-R.S. 23:1310.3.

DECREE
The judgment of the court of appeal is reversed and the trial court judgment overruling the employer's exceptions of prematurity and lack of subject matter jurisdiction is reinstated. This case is remanded to the district court for further proceedings.