CANNELLA, Judge.
Plaintiff, Joseph Trombatore, appeals from the ruling of the Office of Worker’s Compensation Administration (OWCA) in favor of defendant, Saia Motor Freight Line, Inc., granting defendant’s exception of lack of subject matter jurisdiction and dismissing plaintiffs claim for retaliatory discharge. For the reasons which follow, we affirm.
Plaintiff was a dock worker employed by defendant. On or about October 4, 1989, plaintiff was injured at work while unloading a trailer. As a result of this injury, he received weekly compensation benefits and medical expenses, as provided by the Louisiana Worker’s Compensation Act, until he was released to return to work by his treating physician. Thereafter, on October 4, 1990, plaintiff was terminated from employment with defendant. On August 4, 1991, plaintiff filed a claim with OWCA, pursuant to La. R.S. 23:1361, for alleged discriminatory or retaliatory discharge. The claim was served on defendant on August 30, 1991. On August 13,1992, defendant filed an exception of lack of subject matter jurisdiction, asserting that OWCA is not the proper forum for litigating a wrongful discharge claim. Arguments on the exception were heard on December 1, 1992 and judgment was rendered and signed on that date, granting the exception. Plaintiff appealed.
Defendant filed a motion to dismiss the appeal because the motion for appeal was not timely filed by plaintiff. The motion was referred to the merits. After reviewing the record, we find that the record does not support defendant’s argument. The OWCA hearing officer has himself attested to the fact that the “appeal was timely filed and signed on December 5, 1992” but was misplaced. Accordingly, the motion to dismiss is denied.
Plaintiffs primary concern, expressed in brief, is whether his subsequent suit, filed in district court on January 5, 1993 for retaliatory discharge, will be dismissed on an exception of prescription. That issue, however, is not before this court. Plaintiffs arguments on that point in this appeal are misplaced. The only issue before this court on appeal is whether the hearing officer for OWCA erred in granting defendant’s exception of lack of jurisdiction over the subject matter, filed in response to plaintiffs suit for retaliatory discharge.
The action for retaliatory discharge arises under La.R.S. 23:1361, which imposes *1389 civil penalties on an employer for discharging or refusing employment to an employee or applicant because of his prior assertion of a claim for worker’s compensation benefits. That provision is found in the Revised Statutes in the Chapter on Worker’s Compensation. The 1990 amendment to La. Const. Art. V, § 16, effective November 7, 1990, divested district courts of jurisdiction over worker’s compensation matters where administrative agency determinations are provided for such matters by law. That amendment purported to retrospectively ratify La.R.S. 23:1310.3, effective January 1, 1990, which vested original, exclusive jurisdiction over “all claims filed pursuant to the Worker’s Compensation Act” with the OWCA hearing officers but was declared unconstitutional by the Louisiana Supreme Court in Moore v. Roemer, 567 So.2d 75 (La.1990). Based on the above provisions, plaintiff, on August 6, 1991, filed his claim for retaliatory discharge with OWCA, rather than civil district court.
Subsequently, on January 17, 1992, the Supreme Court again considered the question of whether a suit for retaliatory discharge, under La.R.S. 23:1361, was properly filed in civil district court or whether it should be filed in OWCA. Sampson v. Wendy’s Management, Inc., 593 So.2d 336 (La.1992) and Maquar v. Transit Management of Southeast Louisiana, Inc., 593 So.2d 365 (La.1992). In Sampson, the Court reasoned that the actions prohibited by La.R.S. 23:1361, the violation by an employer of his statutorily imposed duty not to discriminate against worker’s compensation claimants, was tortious in nature and further that an administrative agency determination of this type of action had not been provided for by law. Accordingly, the Court held that a discriminatory discharge action is not a worker’s compensation matter nor a claim for worker’s compensation benefits and ancillary penalties, but is a delictual employment law matter, and jurisdiction is vested in the district court, not OWCA.
Relying on the Sampson decision, defendant herein filed the exception to OWCA’s subject matter jurisdiction. Plaintiff argues that Sampson is not on point because the plaintiff in Sampson filed his lawsuit prior to the effective date of the Constitutional Amendment to Art. V., § 16, whereas plaintiff here filed his suit after the effective date of the amendment.
We find the Sampson decision controlling in this case. The Court in Sampson did not rely on the date that the lawsuit was filed in coming to its decision. To the contrary, the decision rested firmly on the grounds that the action was delictual in nature and there was no workers compensation administrative procedure provided for such actions. It is clear from Sampson that jurisdiction over discriminatory or retaliatory discharge cases vests in civil district court and not in OWCA, regardless of whether the lawsuit was filed before or after the effective date of the constitutional amendment regarding worker’s compensation matters. We find no error in OWCA granting defendant’s jurisdiction exception.
Accordingly, for the reasons stated above, the decision of the Office of Worker’s Compensation, granting defendant’s exception of lack of subject matter jurisdiction is affirmed. Costs are to be shared equally by the parties.

AFFIRMED.