670 So.2d 217 (1996)
Warren ORTEGO, Plaintiff,
v.
CXY ENERGY, et al (Travelers Insurance Co.), Defendant-Appellant.
No. 95-718.
Court of Appeal of Louisiana, Third Circuit.
January 10, 1996.
Chuck David Granger, Opelousas, for Warren Ortego.
Leigh L. Stipe, Opelousas, for CXY Energy of Dallas.
Nathan L. Schrantz, New Orleans, for Harris Well Service, et al.
*218 Before YELVERTON and SULLIVAN, JJ., and KNIGHT[*], J. Pro Tem.
SULLIVAN, Judge.
The sole issue presented by this appeal is whether the Office of Worker's Compensation (OWC) hearing officer is vested with subject matter jurisdiction over an insurer's indemnity action brought against another insurer. The hearing officer determined that subject matter jurisdiction did not exist. The third-party plaintiff seeking indemnification, Travelers Insurance Company (Travelers), suspensively appealed. On appeal, both Travelers and the third-party defendant, Harris' Underwriters (from whom Travelers seeks indemnification), assert that the hearing officer erred in declining subject matter jurisdiction in this case.
For the following reasons, we agree with the hearing officer's conclusion that the OWC does not have subject matter jurisdiction over this indemnification claim. Accordingly, we affirm and remand with instructions.

FACTS
Plaintiff, Warren Ortego, was employed by Harris Well Service, Incorporated. In November 1991, Harris Well Service was a subcontractor on an Allen Parish oil rig being operated by the general contractor, CXY Energy. Harris Well Service was allegedly self insured and also carried two excess worker's compensation policies for benefits exceeding $200,000 and $1,000,000, respectively, through Harris' Underwriters. Travelers provided CXY Energy with worker's compensation insurance coverage.
On November 18, 1991, Ortego was injured while working on the Allen Parish oil rig when a thirty-six (36) inch pipe struck his left knee. Harris Well Service began paying Ortego worker's compensation benefits and continued to do so until it declared bankruptcy at some point during the spring of 1992.
On May 14, 1992, Ortego filed a Form 1008 disputed claim for compensation with the OWC against CXY Energy. On October 9, 1992, Travelers began paying Ortego worker's compensation benefits.
Travelers filed a third-party demand in which it sought indemnification from Harris' Underwriters based on the provisions of a service agreement between Harris Well Service and CXY Energy.[1] Harris' Underwriters filed an exception of no cause of action, asserting that Travelers has no direct action right against Harris' Underwriters. Travelers thereafter filed an amended third-party demand for indemnification on October 11, 1994.
Through some manner not evident in the record, the hearing officer requested that the parties, in memoranda, address whether the OWC has subject matter jurisdiction over the indemnity claim. Both Travelers and Harris' Underwriters submitted memoranda in support of OWC jurisdiction. The hearing officer decided the issue to the contrary. In her ruling signed on February 22, 1995, she stated as follows:
After reviewing the record and the law, this Court finds that the Office of Workers' Compensation does not have jurisdiction to hear this claim. While this Court realizes that the present dispute originated from a workers' compensation claim, the cause of action herein does not arise out of a workers' compensation action, but instead it arises out of a contract between the parties. The Court finds that the third party demand is essentially a claim for indemnity based on a contrast [sic] and this Court does not have jurisdiction to hear such a claim.
From this ruling, Travelers has appealed.

LAW
Article 5, Section 16 of the Louisiana Constitution provides that the district courts have original jurisdiction over all civil matters except as provided in the constitution and "by law for administrative agency determinations in worker's compensation matters." La.R.S. 23:1310.3(E) provides the basis *219 for OWC subject matter jurisdiction as follows:
Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter.
This issue presented is whether Travelers' indemnification action falls within this OWC jurisdiction. Our review of this state's jurisprudence reveals no case directly on point. However, several courts have dealt with the jurisdictional issue in the context of other causes of action.
Generally, an exception to the general rule that district courts are vested with original jurisdiction is to be narrowly construed. Cajun Bag and Supply v. Baptiste, 94-1218 (La.App. 3 Cir. 3/1/95), 651 So.2d 943. In that case, this court concluded that the OWC was not vested with jurisdiction to hear the employer's reimbursement claim brought against the employee for his non-entitlement to benefits previously received. We specifically concluded that such an action did not constitute a "worker's compensation matter", e.g., "claim for benefits and the controversion of entitlement to benefits." Id. at 948. We determined further that the legislature's failure to specifically grant the OWC jurisdiction over such a reimbursement claim meant jurisdiction remained with the district courts.
A claimant's cause of action for retaliatory discharge under La.R.S. 23:1361 for filing a worker's compensation claim is a delictual employment law matter and not a worker's compensation matter. District courts have not been divested of jurisdiction over such an action. Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La.1992); Fontenot v. Flaire, Inc., 26,055 (La.App. 2 Cir. 8/17/94), 641 So.2d 1062; Trombatore v. Saia Motor Freight Line, Inc., 627 So.2d 1387 (La.App. 5 Cir.1993), writ denied, 94-120 (La.3/11/94), 634 So.2d 393. In Sampson, 593 So.2d at 339, the supreme court stated as follows:
The claims for which hearing officers are given original exclusive jurisdiction under LSA-R.S. 23:1310.3 are claims for any compensation or benefits. The Worker's Compensation Act only provides for the administrative agency determination of benefits and penalties directly associated with the employee's work-related injury and his receipt of worker's compensation benefits.
Additionally, there is no OWC jurisdiction over an employer's or insurer's claim of credit or offset for future compensation owed against the amount of a tort settlement executed between an injured employee and a third-party tortfeasor. Such a claim must be brought in the district court in which the third-party tort claim is heard. Gordon v. Waste Management of New Orleans (Residential), 94-1252 (La.App. 4 Cir. 12/15/94), 648 So.2d 1037, writ denied, 95-691 (La.4/28/95), 653 So.2d 595.
In Hebert v. CIGNA, 93-1400 (La.App. 3 Cir. 5/25/94), 637 So.2d 1221, claimant Hebert was a roustabout employed by Murphy's Lease and Welding Service. He was occasionally assigned by his supervisor to do personal work for Gerald and May Libersat, the controlling shareholders of Murphy's. While trying to rope a calf for Gerald Libersat, Hebert fell off of his horse, which then rolled on top of Hebert. He was rendered a paraplegic. In answering Hebert's petition, the Insurance Company of North America (INA), Murphy's insurer, alleged that if it was found liable to pay benefits to Hebert, then it was entitled to indemnification from the Libersats, the owners of the horse.
This court concluded that INA's indemnification action was properly transferrable to district court. We determined that the INA cross-claim arose out of a general tort claim and was not a worker's compensation matter.
The second circuit has held that an employee's tortious breach of contract claim against his employer and its insurer, brought because of the employer's refusal to approve a lump sum settlement negotiated by the insurer, is properly brought before the OWC. Whittington v. Langston Drilling Co., Inc., 26,001 (La.App. 2 Cir. 8/17/94), 643 So.2d 336. The court concluded that such an action is directly related to the claimant's right to receive payment from the insurer.
*220 We conclude that the OWC hearing officer is not vested with jurisdiction to hear Travelers' indemnity claim brought against Harris' Underwriters. The claim is based upon the indemnity provisions of a contract, known as a service agreement, executed between Harris Well Service and CXY Energy. As such, it is an action ex contractu which does not qualify as a worker's compensation matter. The claim has no bearing on and is not directly associated with the employee's work-related injury or his receipt of benefits. This indemnity claim, based on a private agreement, is more remote from being a worker's compensation matter than the other causes of action discussed herein which were found to not fall under the auspices of OWC jurisdiction.

DECREE
This case is remanded to the OWC hearing officer with instructions to transfer Travelers' indemnity claim to the district court of proper jurisdiction and venue. For these reasons, the OWC hearing officer's judgment is affirmed. Costs are assessed to appellant, Travelers Insurance Company.
AFFIRMED AND REMANDED.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] The original third-party demand of Travelers is not in the appellate record.