669 So.2d 616 (1996)
Willie E. WILLIAMS, Plaintiff-Appellant,
v.
MIDWEST EMPLOYERS CASUALTY CO., Defendant-Appellee.
No. 28118-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1996.
Writ Denied May 17, 1996.
*617 C. Daniel Street, Monroe, for Appellant.
Campbell E. Wallace, New Orleans, for Appellee.
Before NORRIS and STEWART, JJ., and CLARK, J. Pro Tem.
STEWART, Judge.
Plaintiff, Willie E. Williams, appeals from the ruling of the Office of Worker's Compensation Administration in favor of defendant, Midwest Employer's Casualty Company, granting defendant's exception of lack of jurisdiction and dismissing plaintiff's claim seeking payment of a default judgment rendered against his former employer. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On October 10, 1989, Willie E. Williams allegedly became disabled and entitled to worker's compensation benefits against his employer, Adams Plastics, Inc. d/b/a Spartech Films ("Spartech Films"). Spartech Films paid plaintiff worker's compensation benefits totaling between $22,000 and $23,760 until October 9, 1991. After Spartech Films ceased paying benefits, plaintiff brought suit against the Office of Worker's Compensation ("OWCA") and related parties in state district court, claiming that the employer had no worker's compensation insurance and that the OWCA had negligently allowed the company to operate as a self-insured employer without it ever posting the requisite security or bond to act as a self-insured.
In 1991, plaintiff also filed a worker's compensation claim with the OWCA against Spartech Films and its parent company, Spartech Corporation. On June 8, 1993, he released Spartech Corporation from his claim in consideration of a $7,500 payment by the company. However, he reserved his rights to recover from Spartech Films, which was insolvent and out of business. In July 1994, a default judgment was entered against Spartech Films, awarding plaintiff all past and future benefits, medical expenses, attorney's fees, interest and costs.
On September 6, 1994, plaintiff filed a supplemental and amending petition naming "Midwest Employers Insurance Company" as an additional defendant, seeking payment of the default judgment rendered against Spartech Films in July 1994. Midwest Employers Casualty Company ("Midwest"), which had issued an "Excess Insurance Policy for Self-Insurer of Worker's Compensation and Employer Liability" to "Spartech Films, A Division of Spartech Inc.," answered and filed dilatory, declinatory and peremptory exceptions with the OWCA, asserting procedural and coverage defenses to the supplemental and amending petition filed by plaintiff.
Midwest, which had not been a party to any of the prior administrative proceedings arising from plaintiff's injuries, argued that plaintiff's suit was clearly for the enforcement of a judgment, a matter clearly within the district court's original jurisdiction and not a "worker's compensation matter" to be decided by the OWCA. It also asserted that the policy at issue was not a liability policy, but an indemnity policy written for a qualified self-insurer pursuant to LSA-R.S. 23:1191 through 1193 and, as a result of the employer's failure to satisfy a condition precedent by failing to become a qualified self-insurer, the policy was void from its inception and therefore provided no coverage for plaintiff's underlying claim.
After a hearing on April 10, 1995, the hearing officer granted Midwest's Peremptory Exception of Lack of Subject Matter Jurisdiction and deferred ruling on any other issues which were rendered moot by her ruling that she was not authorized to render a judgment determining the rights plaintiff and Midwest had under the excess insurance policy. In her oral reasons for judgment, she stated she could find no provision in the worker's compensation act giving her the authority to interpret an insurance policy and resolve the coverage issues before her. She categorized the dispute as a contractual dispute subject to contract law, not worker's compensation law. She further stated that she considered the coverage issues before *618 her as relating to, but not arising out of, the worker's compensation act.

DISCUSSION
Plaintiff contends that the hearing officer for the OWCA erred in granting defendant's exception of lack of jurisdiction filed in response to plaintiff's suit seeking payment of the default judgment rendered against Spartech Films. The issue before this court is whether the OWCA has the authority to resolve the matter at hand.
The district courts are vested with original jurisdiction over all civil and criminal matters unless the Constitution provides otherwise or except as provided by law for administrative agency determinations in worker's compensation matters. La. Const. Art. V, Sec. 16. Except as otherwise provided by LSA-R.S. 23:1101(D) and 1378(E), the Louisiana Legislature has vested worker's compensation hearing officers with original, exclusive jurisdiction over all claims or disputes arising out of the Worker's Compensation Chapter, including claims for benefits and the controversion of entitlement to benefits. LSA-R.S. 23:1310.3(E). The grant of exclusive jurisdiction of particular subject matters to an agency results in the subtraction of those matters from the district court's jurisdiction. Daily Advertiser v. Trans-La, 612 So.2d 7 (La.1993).
State district courts, as courts of general jurisdiction in all civil and criminal matters, are considered to have such jurisdiction unless specifically denied it. Because exceptions to the general rule that district courts are vested with original jurisdiction are to be narrowly construed, LSA-R.S. 23:1310.3(E) should not be read more broadly than its explicit language. It requires that a claim or dispute actually "arise out of" the worker's compensation act, rather than merely "relate to" worker's compensation matters, for hearing officers to enjoy original jurisdiction over it. In other words, a claim for relief, even one which generally relates to worker's compensation, remains within the jurisdiction of the district court unless, by a specific provision in the worker's compensation act, the Louisiana Legislature has granted hearing officers the authority to adjudicate the claim or has designated the claim as a worker's compensation matter. Cajun Bag and Supply v. Baptiste, 94-1218 (La.App. 3d Cir. 3/1/95), 651 So.2d 943; Fontenot v. Flaire, Inc., 26,055 (La.App.2d Cir. 8/17/94), 641 So.2d 1062.
In the present case, plaintiff has already been awarded worker's compensation benefits and is seeking to enforce that judgment against Midwest. He argues he is seeking nothing other than worker's compensation benefits from Midwest and that Midwest has been properly made a defendant in the administrative process. With respect to his claim, plaintiff asserts the provisions on worker's compensation liability insurance found in the worker's compensation law at LSA-R.S. 23:1161 through 1174.1 reveal that worker's compensation liability insurance is an integral part of worker's compensation claims. He specifically cites LSA-R.S. 23:1164 and 1161 in support of his argument that the OWCA has subject matter jurisdiction over his claim.
LSA-R.S. 23:1164 entitles an employee, under the worker's compensation act, to enforce his claim against the liability insurer of the employer, particularly an insolvent employer, to the same extent that the employer could have enforced his claim against such insurer. LSA-R.S. 23:1161 subjects every policy for the insurance of the worker's compensation, providing for or against liability, to the provisions of the worker's compensation act. Plaintiff asserts that, pursuant to these statutes, Midwest is directly responsible to him for worker's compensation benefits. He further argues the employer's failure to become a qualified self-insurer means that, under the worker's compensation act, the excess insurance policy is not authorized to be an indemnity policy and is therefore a liability policy which inures directly to the benefit of plaintiff.
The statutes cited by plaintiff presuppose that the worker's compensation insurance policies to which it refers provide for liability coverage and are valid and enforceable. The very issues raised by plaintiff's claim against Midwest concern the validity and enforceability *619 of the excess insurance policy in question as well as the extent of its coverage.
Resolution of plaintiff's claim necessitates a determination of whether the employer's failure to become a qualified self-insurer rendered the excess insurance policy invalid, unenforceable, and void ab initio; whether the employer's failure to become a qualified self-insurer precludes the classification of policy as one of indemnity and therefore makes it one of liability with its benefits inuring directly to plaintiff; and whether the excess insurance policy "drops down" to cover plaintiff's claim. In essence, there is a question as to whether LSA-R.S. 23:1164 or any of the other statutes in the worker's compensation act would even apply to Midwest. All of these coverage issues, which lie at the heart of this matter, necessarily have to be determined by an interpretation of the Midwest excess insurance policy and its terms and provisions.
We find these issues do not "arise out of," but merely "relate to," the worker's compensation laws. See LSA-R.S. 23:1310.3; and Cajun Bag and Supply v. Baptiste, supra. Even if plaintiff's action to enforce against Midwest the default judgment rendered against Spartech Films constitutes a worker's compensation matter, the district courts would still not be divested of jurisdiction as an administrative agency determination of this action has not been provided for by law. See Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La.1992). The worker's compensation laws regarding insurance cited by plaintiff do not specifically provide for the claim at issue, and we reject plaintiff's argument that they do. Furthermore, we reject plaintiff's argument that their placement in the worker's compensation act reflects the legislature's intent to grant original, exclusive jurisdiction over this particular matter to the OWCA. Assuming, arguendo, the statutes cited by plaintiff create a cause of action, their location in the Revised Statutes is not necessarily determinative of the nature of that action nor is their location dispositive of the question before this court. See Sampson, supra.
There is no indication the legislature intended to grant the OWCA original, exclusive jurisdiction over a claim to enforce a judgment against a party other than the party against whom it was rendered, with the exception of those parties encompassed by LSA-R.S. 23:1164, nor grant it original, exclusive jurisdiction over claims involving the interpretation of a contract and its terms to determine its validity, enforceability and the extent of its coverage. Moreover, we find no indication the district court has ceased to exercise its jurisdiction over these types of claims or that it has been divested of its original, exclusive jurisdiction over them. Because exceptions to the general rule that district courts are vested with original jurisdiction are to be narrowly construed, we will not read LSA-R.S. 23:1310.3 more broadly than its explicit language and decline to increase the jurisdiction of hearing officers beyond its scope.
For the foregoing reasons, we find the OWCA is not the proper tribunal before which this matter should be heard. Accordingly, the ruling of the hearing officer granting Midwest's exception of lack of jurisdiction and dismissing plaintiff's claim is affirmed. All costs of this appeal are assessed to appellant.
AFFIRMED.