I iWOODARD, Judge,
dissenting.
The question presented in this appeal is whether a claim for an injury sustained while engaged in horseplay “arises out of’ the Workers’ Compensation Act, thereby giving determinations made by a hearing officer on such claims the effect of res judicata. Because I believe that my esteemed colleagues’ holding misinterprets the workers’ compensation statute, I must respectfully dissent.
First, in support of its holding that the workers’ compensation statute does not divest a hearing officer of jurisdiction over a claim arising out of horseplay, the majority states that “the City of Abbeville asserted the provisions of La.R.S. 23:1031(C) as an affirmative defense.” This reasoning is incorrect. There are several compelling factors which support the conclusion that the legislature never intended horseplay to be an affirmative defense in Workers’ Compensation law but rather intended it to be an exclusion. The first factor deals with the nature of an affirmative defense. An affirmative defense raises a new matter which, assuming the plaintiffs allegations in the petition to be true, constitutes a defense to the actions and will have the effect of defeating the plaintiffs demand on its merits. Webster v. Rushing, 316 So.2d 111 (La.1975). An affirmative defense presupposes a valid right of action. With no valid right of action, there can be no affirmative defense. An example where ban affirmative defense would apply would be in a debt situation in which a valid right of action might be for a plaintiff to allege that the defendant owes him money. The defendant could then assert the affirmative defense of discharge in bankruptcy. The defendant does not deny the fact that the money owed was not paid, he simply asserts a legal justification for non-payment. In the instant case, horseplay cannot be considered an affirmative defense because under the Worker’s Compensation chapter, there is no possible antecedent, a valid right of action, to which it could apply. For what valid right of action is it a defense? It cannot be said that it is a defense to liability for an accident because under Worker’s Compensation laws, there is only employer liability (a valid right of action) when an accident arises out of employment. By statutory definition, horseplay does not. Thus, there is no valid right of action for which horseplay can be said to be a defense.
*1005 Secondly, the horseplay exclusion is not listed under the “defenses” section of the statute, but rather under La.R.S. 23:1031, the section entitled “employees right of action,” supporting the conclusion that horseplay is not intended to be a defense but rather an exclusion.
Thirdly, affirmative defenses in Worker’s Compensation jurisprudence are strictly construed. La.R.S. 23:1081 lists the four affirmative defenses available to an employer under the Worker’s Compensation statute. Horseplay is not one.
Any one of the aforementioned three factors defeats the defendant’s claim of an affirmative defense. To judicially create a fifth affirmative defense, neither contemplated nor intended by the legislature, is to overstep the bounds of this court’s authority.
Because horseplay is not an affirmative defense but is, rather, excluded from coverage under the Workers’ Compensation Act, a determination must be made as to the effect of this exclusion upon the power of the administrative tribunal, and upon the rights of the employee.
Workers’ compensation administrative tribunals have limited jurisdiction. They exist by virtue of, and to administer, the statute. If a matter does not “arise out of’ the statute, it is not within the jurisdiction of the workers’ compensation hearing officer. The supreme court, in Sampson v. Wendy’s Management, Inc., 593 So.2d 336, 339 (La.1992), held that:
[t]he claims for which workers’ compensation hearing officers are given original, exclusive jurisdiction under La.R.S. 23:1310.3(E) are claims | .-¡for any compensation or benefits. The Workers’ Compensation Act only provides for the administrative agency determination of benefits and penalties directly associated with the employee’s work-related injury and his receipt of workers compensation benefits
The court further held that “[a] cause of action determined not to constitute a “workers’ compensation matter’ would also not constitute a “workers’ compensation proceeding’ ” Id.
The statute is clear that injuries arising out of horseplay do not constitute a “workers’ compensation matter,” and, under the court’s holding in Sampson, does not constitute a “proceeding.” La.R.S. 23:1310.3(E) states that “[ejxcept as otherwise provided, ... the hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this chapter.” Thus, in order to assert jurisdiction over a claim, the hearing officer must find that the claim “arises out of’ the Chapter. La.R.S. 23:1031(C) states that “[a]n injury by accident shall not be considered as having arisen out of the employment and is thereby not covered by the provisions of this chapter if the injured employee was engaged in horseplay at the time of the injury.” When taken together, these sections clearly indicate that if an employee is engaged, in horseplay “at the time of’ the injury, the employee is not covered under the Workers’ Compensation Act, and, as such, the hearing officer is without jurisdiction to adjudicate the claim. That the hearing officer does not explicitly state this lack of jurisdiction is of no consequence. The statute itself, divests the hearing officer of jurisdiction by virtue of R.S. 23:1310.3(E) and R.S. 23:1031(C).
In finding that the administrative tribunal had jurisdiction to adjudicate this matter, the majority misinterprets the role and purpose of the workers’ compensation hearing officer. Administrative tribunals such as these have limited jurisdiction. As the court in Sampson indicated, the purpose of the workers’ compensation tribunal is a dual one. Initially, it must determine whether the employee claiming benefits is within that class of persons entitled to benefits, that is, it must determine whether their cause of action is covered under the statute. If the employee is within the class of persons entitled to benefits, that is, if the employee proves by a preponderance of the evidence that s/he sustained an injury which arose out of (and not excluded from) the employment relationship, the tribunal is then authorized to apply the statute and adjudicate the claim. However, if the employee does not meet his burden of proving Ran accident arising out of the employment relationship for which workers’ compensation provides a remedy, if the employee has not met his burden of proving “coverage,” the tribunal has no further authority over the claim. The claim is dis *1006 missed and the claimant must seek a remedy elsewhere. Clark v. Southern Kraft Corp., 200 So. 489 (La.App.1941).
For example, suppose Smith’s claim had been filed in district court first, the trial judge had determined that Smith sustained an injury which arose out of the employment relationship, and dismissed the claim, would we then say that the district court’s determination had the effect of res judicata in the workers’ compensation proceeding? The answer is clearly no, because while the district courts are empowered to hear claims based in tort, they are not empowered to rule upon such a claim, that is to grant relief, if it is determined at the hearing that the claim arose under workers’ compensation because it is not within their jurisdiction. Hearing officers, by the same token, are empowered to hear claims for the sole purpose of determining whether the employee’s claim falls under the Workers Compensation’ Act. In determining that the act does not apply, they are determining that they have no jurisdiction to further adjudicate the claim, and it must be dismissed. Making any findings during the process is of no moment and can have no legal effect since they did not have jurisdiction to adjudicate the claim. Thus, because the statute does not grant the hearing officer the authority to adjudicate the claim, the effect of res judicata cannot attach, Kelty v. Brumfield, 93-1142 (La.2/25/94); 633 So.2d 1210, rehearing denied, 93-1142 (La.3/25/94); 635 So.2d 247, and Smith is free to bring his action in tort.