701 So.2d 1386 (1997)
Todd HARDING
v.
Joseph JACKSON d/b/a Burnside Meat and Seafood Company.
No. 96 CA 2273.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
*1387 Raymond Charles Vinet, Baton Rouge, for Plaintiff/Appellee.
Ricky Babin, Gonzales, for Defendant/Appellant.
David Butler, Baton Rouge, for Defendant/Third Party Plaintiff/Appellee Louisiana Workers' Compensation Corporation.
Before FOIL, WHIPPLE and KUHN, JJ.
KUHN, Judge.
This is an appeal from a determination by the workers' compensation hearing officer ("WCHO") which concludes that the Louisiana Workers' Compensation Corporation ("LWCC") provided workers' compensation coverage to employer, Joe Jackson d/b/a Burnside Meat & Seafood ("Jackson"), for injuries sustained by claimant, Todd Harding. Because we find the Office of Workers' Compensation Administration ("OWCA") was without subject matter jurisdiction, we vacate the ruling.

Facts and Procedural Background
On December 19, 1992, while in the course and scope of his employment with Jackson, Harding injured his finger as he cut a whole catfish into steaks for a customer. Harding was using a band saw and it slipped, nearly severing off his left forefinger. Harding was rushed for emergency medical treatment. Although doctors were able to affix Harding's finger, he has no knuckle and cannot clench his left hand into a fist.
On October 14, 1993, Harding filed a disputed claim form, identifying Jackson as his employer and indicating that Jackson was self-insured. On November 8, 1993, Jackson filed an answer and a third party demand, naming LWCC and James Gilmore Berthelot as third party defendants. Jackson alleged that he had tendered his application and premium payment for workers' compensation coverage to his agent, Berthelot, who, in turn, secured coverage through LWCC. Berthelot was dismissed from the proceeding by *1388 ruling dated February 10, 1994, on a finding that the OWCA had no subject matter jurisdiction. No appeal was taken from that determination.
A hearing was held on March 28, 1995. During the proceeding, Harding entered into a stipulation resolving his claim against Jackson. The stipulation expressly reserved Jackson's "right to reimbursement from [LWCC]." After off the record discussions, the hearing officer stated:
The balance of these proceedings will deal with the issue of coverage by [LWCC]. In particular ... that issue can be broken down into whether or not the agent was an agentthe insurance agent was an agent or a broker for LWCC where he had the apparent authority to bind the insurer, and whether there was detrimental reliance by the insurer (sic)....
Ruling on the merits of Jackson's incidental demand, the hearing officer found that Berthelot had apparent authority to bind LWCC and issued a ruling that states "[Jackson] was insured for workers' compensation insurance by [LWCC] on December 16, 1992." From that ruling, LWCC appeals, urging that this determination is erroneous. We find that the OWCA lacked subject matter jurisdiction and therefore do not address the merits of the arguments raised by LWCC in this appeal.

Subject Matter Jurisdiction
Jurisdiction is the legal power and authority of a tribunal to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. C.C.P. art. 1. Subject matter jurisdiction is the legal power and authority of a tribunal to hear and determine a particular class of actions or proceedings, based upon the object of demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. A judgment rendered by a tribunal which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3. Unlike other exceptions, the exception of subject matter jurisdiction is an issue that cannot be waived or conferred by the consent of the parties. Tran v. Schwegmann's Giant Super Market, 609 So.2d 887, 889 (La.App. 4th Cir.1992). The exception of lack of subject matter jurisdiction can be raised at any stage in a proceeding, and an appellate court may raise the exception on its own motion. Id.
Pursuant to La. Const. art. V, § 16, original jurisdiction of all civil and criminal matters is vested in district courts, except as otherwise authorized by the constitution or "except as heretofore or hereafter provided by law for administrative agency determinations in [workers'] compensation matters." Sampson v. Wendy's Management, Inc., 593 So.2d 336, 337 (La.1992).
Consistent with this constitutional provision, the Louisiana Legislature has vested the OWCA with "original, exclusive jurisdiction over all claims or disputes arising out of" the Workers' Compensation Chapter.[1] La. R.S. 23:1310.3(E). La. R.S. 23:1310.3 provides that hearing officers have the authority to adjudicate claims for benefits and the controversion of entitlement to benefits; therefore, these matters are clearly "[workers'] compensation matters" arising under the Workers' Compensation Act. The claims for which hearing officers are given original, exclusive jurisdiction under La. R.S. 23:1310.3 are claims for any compensation or benefits. District courts are only divested of jurisdiction of workers' compensation matters and then only where administrative agency determinations have been provided for such matters by law. Sampson, 593 So.2d at 337. The Workers' Compensation Act only provides for the administrative agency determination of benefits and penalties directly associated with the employee's work-related injury and his receipt of workers' compensation benefits. Id. at 339.
In the case sub judice, once Harding settled his claim against Jackson, the only matter remaining was Jackson's incidental demand asserting that LWCC provided coverage for Harding's accident. We find this issue does not "arise out of," but merely "relates to," the workers' compensation laws. *1389 See Cajun Bag and Supply v. Baptiste, 94-1218, p. 9 (La.App. 3d Cir. 3/1/95); 651 So.2d 943, 948. The insurance coverage issue raised in Jackson's incidental demand is, we believe, a generic one. The central focus of the coverage dispute revolves around whether Berthelot was vested with binding authority to act on behalf of LWCC; and if not, whether Berthelot was cloaked with apparent authority so as to bind LWCC. We note that in arguing the merits of the appeal, the parties rely on provisions within the Insurance Code,[2] the mandatary provisions set forth in the Louisiana Civil Code[3] and the jurisprudence interpreting those provisions. Jackson's incidental demand against LWCC does not raise a workers' compensation issue, i.e., a demand for benefits or controversion of claimant's entitlement to benefits. The issue raised is whether coverage was secured, an issue which may arise in a variety of circumstances, one of which happens to involve workers' compensation insurance.
We do not find the fact that LWCC is a statutorily-created insurer (see La. R.S. 23:1391-1415), constitutes a sufficient basis to transform the issue raised in Jackson's incidental demand from one which merely "relates to" workers' compensation laws into one that "arises out of" workers' compensation laws. Nothing in §§ 1391-1415 is implicated by the allegations of third party plaintiff's demand for relief against LWCC. We note that under La. R.S. 23:1409, the nonpayment of premium for current or prior policies issued by LWCC may be a basis for LWCC to deny coverage. However, there is nothing in § 1409, or elsewhere in the Workers' Compensation Act, which provides for OWCA determinations of such coverage denials. See Sampson, 593 So.2d at 337, 339. Art. V, § 16 of the Louisiana Constitution requires that the legislature enact a specific provision designating a claim as a "[workers'] compensation matter" before the district courts will be divested of jurisdiction over a claim. Cajun Bag and Supply, 94-1218 at p. 10; 651 So.2d at 948. Therefore, even if we were to conclude that the issue of whether LWCC's coverage had commenced at the time of Harding's accident to be a workers' compensation matter, district courts would still not be divested of jurisdiction.

Conclusion
For the reasons set forth herein, we conclude the OWCA lacked subject matter jurisdiction to render a ruling on the issue of whether LWCC provided coverage for claimant's accident raised in the incidental demand filed by Jackson and vacate the determination. Costs of this appeal are assessed to Joseph Jackson d/b/a Burnside Meat & Seafood.
VACATED.
NOTES
[1] See La. R.S. 23:1021-1415.
[2] See La. R.S. 22:1-1513.
[3] See generally La. C.C. arts. 2985-3026.