709 So.2d 303 (1998)
Georgette MENARD, Plaintiff-Appellee,
v.
MAMA'S FRIED CHICKEN, Defendant-Appellant.
No. 97-488.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1998.
*304 David Charles LaBorde, Lafayette, for Georgette Menard.
Donna B. Wood, Baton Rouge, for Mama's Fried Chicken.
Before DOUCET, YELVERTON, WOODARD, SULLIVAN and PICKETT, JJ.
PICKETT, Judge.
Defendant appeals from a judgment of the Office of Workers' Compensation finding Ms. Menard a full-time employee, therefore entitled to benefits based on a forty-hour work week and that Ms. Menard had not willfully made false statements for the purpose of obtaining compensation benefits in violation of La.R.S. 23:1208. Also, the workers' compensation judge awarded penalties and attorney's fees to Ms. Menard.
On October 17, 1995, Ms. Menard allegedly injured her back from a fall while working at Mama's Fried Chicken. Afterwards, the plaintiff began receiving $67.50 per week in compensation benefits based on $5.00 per hour. Plaintiff then filed a disputed claim form, alleging that she was not receiving compensation based upon her true weekly hours worked, because she was paid a portion of her wages with a payroll check and a portion with cash. The defendant's answer maintained that Ms. Menard was a part-time employee. Additionally, the defendant alleges that Ms. Menard willfully gave false information in order to obtain compensation benefits in violation of La.R.S. 23:1208.
The defense assigns two assignments of error. First that the workers' compensation judge committed manifest error in applying the requirements of La.R.S. 23:1208. Second, that the workers' compensation judge erred in awarding compensation based forty hours worked per week and for awarding attorney's fees and penalties.

FIRST ASSIGNMENT OF ERROR
The pertinent provisions of La.R.S. 23:1208 are as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
....
E. Any employee violating this Section shall, upon determination by hearing officer, forfeit any right to compensation benefits under this Chapter.
The requirements for a successful claim under the statute resulting in an absolute bar to compensation benefits are (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Constr. Co., 94-2708, (La.9/5/95), 660 So.2d 7. Benefits are not terminated under the section for false statements that are inadvertent or inconsequential, but only false statement which are determined by the workers' compensation judge, as authorized by La.R.S. 23:1208 to be willfully made for the purpose of obtaining or defeating benefits. Id.
In the present case, the workers' compensation judge correctly determined Ms. Menard made false statements. Ms. Menard made several false statements on a variety of issues. Ms. Menard denied prior back injuries, prior treatment by physicians, prior domestic and civil claims, and prior convictions. Evidence introduced at trial showed that Ms. Menard injured her back on two separate occasions. In 1975, she was violently beaten, and in 1991, she slipped while taking a shower. Ms. Menard received medical attention and x-rays as a result of these incidents which she also denied. She also filed for a domestic protective order in the Fifteenth Judicial District Court, Docket No. 940,510, against Michael Menard and a civil suit against Glen LeBlanc in which she alleged permanent disability in her neck and back region. Ms. Menard made statements that she only had one previous conviction of *305 forgery, when she also plead guilty to two counts of issuing worthless checks in the City Court of Lafayette.
The workers' compensation judge concluded section 1208 should not apply as the false statements made did not involve the merits or consideration of Ms. Menard's claim of her full-time status. The workers' compensation judge conclusion is clearly wrong. Ms. Menard's false statements go to the crux of the matter, the causation of her present injuries. While the employer need not prove prejudice as a result of false statements for a successful 1208 claim, Resweber, 660 So.2d 7, in this case, Mama's Fried Chicken was clearly prejudiced by Ms. Menard's statements. Ms. Menard's claim would certainly have been handled differently by the defendant's insurer if Ms. Menard had answered the adjuster's question truthfully.
In Sumner v. Lake Charles Marine, 96-280 (La.App. 3 Cir. 6/5/96); 676 So.2d 653, writ denied, 96-1772 (La.10/11/96); 680 So.2d 645, this court reversed the decision of the workers' compensation judge to terminate Sumner's benefits on the basis that false statements were willfully made. Sumner did deny any prior back injury in a deposition. However, he admitted that he injured his back in a motorcycle accident as a teenager to his chiropractor when he originally sought treatment for his work related injury and at trial. In the present case, Ms. Menard never revealed the truth until confronted. From the sheer number and the subject matter of the false statements made by Ms. Menard and a complete and through review of the record, it is clear to this court that these statements were willfully made and for the purpose of obtaining benefits. As such, the workers' compensation judge erred in not forfeiting Ms. Menard's right to compensation benefits for violating La.R.S. 23:1208(A).
We are aware of Grant v. Natchitoches Manor Nursing Home, 96-1546 (La.App. 3 Cir. 5/14/97); 696 So.2d 73, decided by another panel of this court earlier this year, holding that the Office of Workers' Compensation lacked subject matter jurisdiction to hear a 1208 claim. However, we believe the above analysis is correct. The statute specifically states a violation is determined by the workers' compensation judge. Upon finding a violation, the employee's right to compensation is terminated. Grant cites Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La.1992) for the proposition that the Workers' Compensation Act only grants jurisdiction to the Office of Workers' Compensation to determine "benefits and penalties directly associated with the employee's work-related injury and his receipt of worker's compensation benefits." Sampson 593 So.2d at 339. We feel a determination of a 1208 claim fits squarely within the scope of the agency's grant of jurisdiction as the receipt of benefits by the employee hinges on the workers' compensation judge's decision.

SECOND ASSIGNMENT OF ERROR
Defendant next contends that the workers' compensation judge committed error in finding Ms. Menard's version of the number of weekly hours worked over that of the employer and for awarding attorney's fees and penalties. We need not address this assignment of error, as Ms. Menard's forfeit of compensation benefits renders it moot.
Accordingly, we reverse the judgment of the workers' compensation judge. Cost of this appeal are assessed to the Plaintiff-Appellee.
REVERSED.
WOODARD and YELVERTON, JJ., dissent.