JOHNSON, J.,
would grant reconsideration of the writ for the following reasons:
The issue of subject matter jurisdiction may be raised at any stage in the proceedings, including by the Court on its own motion. See Boudreaux v. State, Dept. of Transp. and Dev., 01-1329 (La.2/26/02) 815 So.2d 7, 12-13. Hearing officers have been granted original exclusive jurisdiction over claims for compensation or benefits pursuant to LSA-R.S. 23:1310.3. See Sampson v. Wendy’s Management, Inc., 593 So.2d 336, 339 (La.1992). The Workers’ Compensation Act provides for the determination of benefits and penalties directly associated with the employee’s work-related injury and his receipt of workers’ compensation benefits. Sampson, 593 So.2d at 339. The OWC hearing officer is not vested with jurisdiction over controversies which do not constitute a “workers’ compensation matter,” which include a claim for indemnification that has no bearing on and is not directly associated with the employee’s work related injury or his receipt of benefits. Id.; see also Ortego v. CXY Energy, (La.App. 3 Cir. 1/10/96), 670 So.2d 217; Pierce v. Louisiana Maintenance Service, Inc., (La.App. 5 Cir. 1/30/96), 668 So.2d 1232.
In this instance, the hearing officer has signed a judgment in favor of Travelers, and it is clear in my mind that the hearing officer has no authority to render a money judgment pursuant to this contractual dispute.