643 So.2d 336 (1994)
Carl WHITTINGTON, Plaintiff-Appellant,
v.
LANGSTON DRILLING CO., INC., Defendant-Appellee.
No. 26001-CA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1994.
*337 Goodwin, Turnage & John by John D. Goodwin, Shreveport, for appellant.
Bodenheimer, Jones, Klotz & Simmons by Claude W. Bookter, Jr., Shreveport, for appellee.
Before LINDSAY and HIGHTOWER, JJ., and WESTERFIELD, J. Pro Tem.
WESTERFIELD, Judge Pro Tem.
Employee brought a breach of contract suit against his employer for failing to approve a $46,000 lump-sum settlement of a workers' compensation claim agreed upon by employee and employer's workers' compensation insurer. Employee also challenged the constitutionality of that part of LSA-R.S. 23:1271 requiring employer approval of lump-sum settlements. The trial court sustained employer's declinatory exception of lack of subject matter jurisdiction and dismissed employee's suit with prejudice at employee's cost. Employee now appeals. We affirm in part and reverse in part, and remand the constitutional issue to the district court.

FACTS
Plaintiff-appellant Carl Whittington injured his back while working for defendant-appellee Langston Drilling Company on January 13, 1990. He received, and continues to receive, compensation and medical benefits from Langston through its workers' compensation insurer, Fidelity and Casualty Company of New York (Fidelity). A dispute developed between Whittington and Langston about whether Whittington had sufficiently recovered from his injuries to return to work. Fidelity negotiated a $46,000 lump-sum settlement with Whittington in an effort to settle this dispute.
Langston refused to approve the lump-sum settlement. The insurance contract gave Fidelity the sole authority to negotiate all of Langston's workers' compensation claims and included an agreement that Langston would consent to and abide by any settlement *338 Fidelity reached with an injured employee. The Workers' Compensation Hearing Officer (WCHO) cancelled the scheduled hearing, refusing to approve the settlement in the absence of the employer approval mandated by the Louisiana workers' compensation statute. LSA-R.S. 23:1271 A(1). Based on the contract provision, Whittington brought a breach of contract suit against Langston for failing to approve the settlement as negotiated by Fidelity.
Whittington claims that he has a vested interest in Langston's contract with Fidelity and that he sustained damages from Langston's breach of that contract. However, Whittington has not alleged the nature or amount of his damages with any specificity. He also claims the portion of the workers' compensation statute requiring employer approval of lump-sum settlements is unconstitutional, violating Sections 2, 22, 23, and 24 (apparently of Article I, although he does not cite an Article number) of the Louisiana Constitution.
Langston filed an exception of lack of subject matter jurisdiction in the district court, claiming the jurisdiction over workers' compensation benefits and related matters rests solely with the Hearing Officers of the Office of Workers' Compensation (OWC). The district court sustained the exception, and dismissed the suit with prejudice at plaintiff's cost. Whittington's motion for rehearing based on Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La.1992), was denied. Whittington appeals.

ERROR ASSIGNED
Whittington urges as error the trial court's failure to recognize that the relief sought was outside the jurisdiction of the hearing officers of the OWC, and therefore original jurisdiction vested in the district court.
Despite the general wording of the error assigned, Whittington is advancing two trial court errors. First, Whittington claims because his suit is for general civil breach of contract damages, and not for workers' compensation benefits, it falls outside the OWC's jurisdiction. Additionally, Whittington argues the OWC has no jurisdiction to determine the constitutionality of Louisiana statutes.

BREACH OF CONTRACT CLAIM
Whittington seeks damages resulting from Langston's "tortious" breach of its contract with Fidelity. He relies on the recent Louisiana Supreme Court decision in Sampson, supra, ruling that a wrongful termination suit, in which the alleged underlying reason for the employee's termination was her claim for workers' compensation benefits, was a "delictual employment matter ... rather than a workers' compensation matter." Sampson, supra, at 338. The court went on to explain the OWC is vested with original, exclusive jurisdiction to resolve disputes only in cases directly associated with the employee's work-related injury or his receipt of benefits. Sampson, supra, at 339. Whittington seeks to analogize his situation to that in the Sampson case, claiming this suit seeks general civil damages and not workers' compensation benefits.
However, Whittington's case is directly associated with his workers' compensation claim, regardless of the label he puts on the recovery he seeks. The contract under which he claims to be a third-party beneficiary is the contract between his employer and its workers' compensation insurer. The clause in the contract, which Whittington claims was breached to his detriment, concerns lump sum settlements of disputed workers' compensation claims. The settlement sum, had it been approved, would have replaced the weekly workers' compensation benefits which Whittington received, and continues to receive, from Langston through Fidelity.
This is an attempt to enforce the lump-sum settlement while bypassing the WCHO through the intentional act exception to OWC's exclusive original jurisdiction over "all claims or disputes arising out of this [workers' compensation] Chapter." LSA-R.S. 23:1032 B and 23:1310.3 E. Whittington cannot dodge the workers' compensation statute by artful pleading, creating a new intentional tort involving breach of a contract to which he is not a party. This is a workers' compensation matter, and original *339 jurisdiction properly lies with the WCHO. The trial court was correct in sustaining Langston's exception of lack of subject matter jurisdiction as to the breach of contract claim.

CONSTITUTIONALITY OF REQUIRING EMPLOYER APPROVAL
In Whittington's second attempt to avoid the original jurisdiction of the OWC, he asserts that the statute requiring employer approval of lump-sum settlements is unconstitutional. The district court, in sustaining Langston's exception of lack of subject matter jurisdiction, essentially ruled that the WCHO has the jurisdiction to determine whether a statute is constitutional. We disagree.
The OWC is a legislatively-created administrative body, in which the WCHOs function in a quasi-judicial capacity to settle workers' compensation disputes. LSA-R.S. 23:1291, et seq; LSA-R.S. 23:1310.1, et seq; La. Const. Art. V, § 16(A)(1). Sections 1 and 2 of Article II of the Louisiana Constitution establish three separate branches of government, and provide that no branch may exercise powers belonging to another. Only the judicial branch has the authority to declare statutes unconstitutional. State v. Board of Sup'rs of Elections, 186 La. 949, 173 So. 726, 731 (1937), cited in fn. 8 of Church Point Wholesale Beverage v. Tarver, 614 So.2d 697 (La.1993).
Determining a statute's constitutionality is strictly a function of the courts. Red River Coors, Inc. v. McNamara, 577 So.2d 187 (La.App. 1st Cir.1991). See also State v. Cenac, 241 La. 1055, 132 So.2d 928 (1961); Appeal of Brisset, 436 So.2d 654 (La.App. 1st Cir.1983), writ denied; Firefighters Local 632 v. Civ. Service Com'n., 495 So.2d 958 (La.App. 4th Cir.1986), writ denied; Bell v. Dept. of Health and Human Resources, 483 So.2d 945 (La.1986), cert. denied, 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55.
Thus original jurisdiction to hear the constitutional challenge properly lay with the district court. It was error for the trial court to sustain Langston's exception of lack of subject matter jurisdiction as to the constitutional challenge.
Accordingly, the judgment sustaining the declinatory exception is affirmed as to the breach of contract claim and reversed as to the constitutional challenge. The case is remanded to the district court for further proceedings concerning the constitutional issue.
At appellant's cost,
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.