690 So.2d 974 (1997)
Robert Jameson WILSON, Plaintiff-Appellant,
v.
LOUISIANA SAFETY ASSOCIATION OF TIMBERMAN, et al., Defendant-Appellee.
No. 29263-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1997.
*975 Mills, Timmons & Flowers by William T. Allison, Shreveport, for Plaintiff-Appellant.
Isabel Wingerter, Assistant Attorney General, for Defendant-Appellee.
Before GASKINS, CARAWAY and PEATROSS, JJ.
CARAWAY, Judge.
Plaintiff, Robert, J. Wilson, filed a petition for declaratory judgment in the DeSoto Parish District Court seeking to have a provision of the Worker's Compensation Act declared unconstitutional for allegedly violating the Equal Protection clauses of the state and federal constitutions. Named as defendants were Louisiana Safety Association of Timberman ("LSAT"), a non-profit, membership-funded worker's compensation insurer, and the State of Louisiana.[1] The district court sustained the state's declinatory exception of lack of subject matter jurisdiction, holding that the Office of Worker's Compensation ("OWC"), rather than the district court, has exclusive jurisdiction to decide the constitutionality of a worker's compensation statute. We reverse and remand for further proceedings consistent with this opinion.
Plaintiff alleges that he was employed on a unit basis (i.e., per load) as a pulpwood cutter and that he was injured on the job in March of 1994. Since his injury, defendant LSAT has paid the plaintiff worker's compensation benefits according to La.R.S. 23:1021(10)(d), which provides, in pertinent part:
(10) "Wages" means average weekly wage at the time of the accident.
The average weekly wage shall be determined as follows:
(a) Hourly wages.[2]
* * * * * *
(b) Monthly wages. If the employee is paid on a monthly basis, his monthly salary multiplied by twelve then divided by fifty-two.
(c) Annual wages. If the employee is employed at an annual salary, his annual salary divided by fifty-two.
(d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by four; however, if such an employee has worked for the employer for less than a twenty-six week period immediately *976 preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by four.
Consequently, plaintiff asserts that under the above-formula, the "weekly wages" of an employee paid on a per unit basis is calculated on a four day week irrespective of whether he works five or six days per week. In contrast, Subsections (a), (b), and (c) of the statute provide different average weekly wage formulas for hourly wage workers, monthly wage workers, or annual wage workers. Plaintiff contends that, unlike per unit workers, employees' weekly wages are calculated using all of the injured workers earnings.[3] Plaintiff submits that under the formula provided in subsection (d) above, he is credited with only four days per week of earnings in the calculation of the average weekly wage, which he claims reduces the wages of a unit worker who works five days per week by 20% and the wages of a unit worker who works six days per week by 33 1/3%.
Rather than filing a claim in the OWC alleging that the statute is unconstitutional and praying for increased benefits, plaintiff filed a petition for a declaratory judgment in district court seeking to have La.R.S. 23:1021(10)(d) of the Worker's Compensation Act ("Act") declared unconstitutional. Plaintiff's prayer for relief additionally seeks an order requiring the LSAT "to calculate his average weekly wage by simply totaling the gross wages paid him during the twenty-six week period immediately prior to the accident and dividing that total by the number of weeks worked." No request is made for a judgment for additional benefits.
Plaintiff alleges the statute is unconstitutional under the state and federal provisions guaranteeing all persons the equal protection of law, i.e., U.S. Const.Amend. XIV and La. Const. art. 1, § 3, because there is no rational basis for calculating his average weekly wage based on a four-day work week, while the average weekly wage of hourly, monthly and yearly waged employees is calculated using all of their earnings.
The state filed a declinatory exception of lack of subject matter jurisdiction on grounds that, pursuant to La. Const. art. V, § 16(A) and La.R.S. 23:1310.3(E), the OWC is vested with exclusive jurisdiction to hear plaintiff's claim. Notwithstanding our prior holding in Whittington v. Langston Drilling Co, Inc., 26,001 (La.App.2d Cir. 09/21/94), 643 So.2d 336, where we held that the district court has jurisdiction to hear a constitutional challenge to a worker's compensation statute, the district court sustained the exception, and plaintiff now appeals.
In Whittington, after the OWC hearing officer refused to approve a proposed lump sum settlement between the employee and worker's compensation insurer due to the employer's objection to the settlement, the employee sued the employer in district court on a tortious breach of contact theory. Additionally, the employee sought to declare unconstitutional the worker's compensation statute (La.R.S. 23:1271 A) which requires the employer's approval of such settlement. This court basically rejected the employee's tortious breach of contract claim by stating that "Whittington cannot dodge the worker's compensation statute by artful pleading, creating a new intentional tort involving breach of a contract [the worker's compensation insurance contract] to which he is not a party." Id. at p. 338.
As to Whittington's claim that the statute was unconstitutional, we reversed the district court's determination that it lacked subject matter jurisdiction on such claim stating:
The OWC is a legislatively-created administrative body, in which the WCHO's function in a quasi-judicial capacity to settle workers' compensation disputes. LSA-R.S. 23:1291, et seq; LSA-R.S. 23:1310.1, et seq; La. Const. Art. V, Sec. 16(A)(1). Sections 1 and 2 of Article II of the Louisiana Constitution establish three separate branches of government, and provide that no branch may exercise powers belonging to another. Only the judicial branch has *977 the authority to declare statutes unconstitutional. State v. Board of Sup'rs of Elections, 186 La. 949, 173 So. 726, 731 (1937), cited in fn. 8 of Church Point Wholesale Beverage v. Tarver, 614 So.2d 697 (La. 1993).
Determining a statute's constitutionality is strictly a function of the courts. Red River Coors, Inc. v. McNamara, 577 So.2d 187 (La.App. 1st Cir.1991). See also State v. Cenac, 241 La. 1055, 132 So.2d 928 (1961); Appeal of Brisset, 436 So.2d 654 (La.App. 1st Cir.1983), writ denied; Firefighters Local 632 v. Civ. Service Com'n., 495 So.2d 958 (La.App. 4th Cir.1986), writ denied; Bell v. Dept. of Health and Human Resources, 483 So.2d 945 (La.1986), cert. denied, 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55.
Thus original jurisdiction to hear the constitutional challenge properly lay with the district court. It was error for the trial court to sustain [plaintiff's] exception of lack of subject matter jurisdiction as to the constitutional challenge.
Id., 643 So.2d at p. 339.
By this holding that the determination of a statute's constitutionality is strictly a function of the courts, we impliedly found that the legislature did not have the authority to transfer the power to decide a statute's constitutionality from the district courts to the worker's compensation hearing officers. However, as pointedly remarked by our brethren of the Louisiana Third Circuit Court of Appeal while discussing our Whittington decision, the Louisiana Supreme Court has recently [some nine months prior to Whittington] explained the breadth of the legislature's power in State of Louisiana in the Interest of A.C., 93-1125 (La. 1/27/94), 643 So.2d 719, stating that:
Unlike the federal Constitution, which functions from "enumerated powers" to each branch of government, the Louisiana Constitution presumes extensive and complete powers to the state legislature. State ex rel. Guste v. Legislative Budget Committee, 347 So.2d 160, 164 (La.1977). The only limits on this power stem from specific enumerations in the state Constitution:
A general principle of judicial interpretation of a state constitution is that, unlike the federal constitution, a state's constitutions are not grants of power, they are rather limitations on the power of the people exercised through the state legislature. In its exercise of the entire [95-348 La.App. 3 Cir. 4] legislative power of the state, the legislature may enact any legislation that the state constitution does not prohibit. Thus, to hold legislation invalid under the state constitution, it is necessary to rely upon some particular constitutional provision that limits the power of the legislature to enact the statute assailed.

In re Gulf Oxygen Welder's Supply Profit Sharing Plan and Trust Agreement, 297 So.2d 663, 665 (La.1974). One such provision is the prohibition on violations of the principle of separation of powers, as espoused by the Louisiana Constitution of 1974.
The scheme of separation of powers stems from Article II, which provides that
Section 1. The powers of government of the state are divided into three separate branches: legislative, executive, and judicial.
Section 2. Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others. (Emphasis ours)

State of Louisiana in the Interest of A.C., supra at 731-732.
Tomas v. Conco Food Distributors, 95-348 (La.App. 3 Cir. 10/25/95), 666 So.2d 327 at 329.
In section 2 of Article II, cited above, deviation from the rule of separation of powers is allowed where the constitution so provides. Tomas, supra at 329. After the supreme court's ruling in Moore v. Roemer, 567 So.2d 75 (La.1990) declaring unconstitutional the initial 1988 legislative grant of "original, exclusive jurisdiction" to the OWC, La. Const. art. V, § 16, was amended in 1990, as follows, to allow a deviation from the separation *978 of powers by granting jurisdiction to the OWC:
(A)(1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (emphasis added)
Thus, the constitution places in the hands of the legislature the power to carve out the jurisdiction of the OWC.
Hence, contrary to the implication of Whittington, we now conclude that there is nothing in the constitution which would prohibit the legislature in the exercise of its plenary powers from giving the hearing officers jurisdiction over determinations of the constitutionality of worker's compensation statutes. Therefore, the question is whether the legislature has done so in a manner which precludes the district court from rendering a declaratory judgment in this instance.
La.R.S. 23:1310.3 E provides that:
"Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the Hearing Officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter." (Emphasis ours)
The grant of exclusive jurisdiction of certain subject matters to an agency results in the subtraction of those matters from the district court's jurisdiction. This can be contrasted with concurrent jurisdiction, where the district court maintains original jurisdiction in the matters at the same time that an agency or other court has been granted jurisdiction. Moore v. Roemer, supra at p. 79; Daily Advertiser v. Trans-La, 612 So.2d 7 (La. 1993). Because hearing officers have been granted exclusive jurisdiction by the legislature over worker's compensation "claims or disputes arising out of" the Worker's Compensation Act, such matters have been excluded from the jurisdiction of district courts.
The court in Tomas, supra, found that the law has always been that determining a statute's constitutionality is strictly a function of the courts because of the separation of powers doctrine, and that the intent of the legislature to deviate from this well-established principal of law is not evidenced by its grant to the OWC of jurisdiction over "claims and disputes." Finding that this power has not been explicitly subtracted from the jurisdiction of the district courts by the legislature, the Tomas court concluded that the district courts retain this jurisdiction of constitutional challenges to worker's compensation statutes. Tomas v. Conco Food Distributors, supra at p. 330.
Unlike Tomas, however, which was a case brought before the OWC and which apparently sought only remedies under the Act, this suit before the district court seeks simply declaratory judgment relief. We find significant the distinction between a conventional judgment and a declaratory judgment when we span the scope of the OWC's exclusive jurisdiction in this instance. Whether by accident or by design, we believe that the plaintiff's choice of the petition for declaratory judgment as the procedural vehicle to bring his constitutional challenge elucidates the distinction between the powers of the OWC and a district court.
"Conventional judgments embody two elements, an ascertainment or declaration of the rights of the parties, which is usually implied, and a specific award of relief." LSA-C.C.P. 1871, Official Comment. A declaratory judgment embodies only the first element which, by nature of the judgment, is always express. Comment, Declaratory Judgments in Louisiana, 33 La.L.Rev. 127 (1972); American Waste & Pollution Control Company v. St. Martin Parish Police Jury, 627 So.2d 158 (La.1993).
The original and exclusive jurisdiction vested in the OWC to hear "claims" or "disputes" "arising out of this Chapter" is limited to claims for benefits under the Act and disputes regarding the payment of benefits under the Act, i.e., resulting from work-related injuries. See, e.g., Ross v. Highlands Ins. Co., 590 So.2d 1177 (La.1991) (A "claim" under the Act is the underlying claim for relief); Rock v. City of New Orleans, 94-2613 (La.App. 4th Cir. 9/15/95), 661 So.2d 1091, reversed 95-2500 (La. 1/12/96), 666 So.2d 285, *979 r'hg denied 95-2500 (La. 2/9/96), 667 So.2d 544. (A worker's compensation claim occurs when dispute arises over employer's payment of benefits). Thus, when the dispute involves something other than the payment of benefits, courts have held that the OWC lacked jurisdiction to hear a dispute incidentally related to the Act. See Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La.1992). (District Court retained subject matter jurisdiction to hear a cause of action for retaliatory discharge created by LSA-R.S. 23:1361 of the Act and brought by employee receiving worker's compensation benefits because the claim was a delictual employment law matter rather than a worker's compensation matter. The Court stated that district courts are only divested of jurisdiction of worker's compensation matters and then only where the Act provides for the administrative agency determination of benefits and penalties directly associated with the employee's work-related injury and his receipt of worker's compensation benefits.); Ortego v. CXY Energy, 95-718 (La.App. 3rd Cir. 1/10/96), 670 So.2d 217. (OWC is not vested with jurisdiction to hear contractor's worker's compensation insurer's third-party claim against subcontractor's insurer over benefits paid to injured employee because the indemnity claim had no bearing on and was not directly associated with the employee's work-related injury or receipt of benefits.) See also Cajun Bag and Supply v. Baptiste, 94-1218 (La.App. 3d Cir. 3/1/95), 651 So.2d 943, where the court held that the OWC lacked subject matter jurisdiction to hear an employer's claim that it was entitled to reimbursement for worker's compensation benefits it paid to claimant who was found to have been injured while engaged in horseplay; Covington v. A-Able Roofing, Inc., 95-1126 (La.App. 3d Cir. 3/6/96), 670 So.2d 611, where the court held that OWC lacked subject matter jurisdiction to hear a rule to make a judgment awarding compensation benefits executory that was filed by a worker's compensation claimant against the owner of the employer/business under an "alter-ego" theory. Cf., Weber v. State of Louisiana, 93-C-0062 (La. 4/11/94), 635 So.2d 188.
Our emphasis on the declaratory judgment relief sought in this case is supported by the supreme court's ruling in Midboe v. Commission on Ethics for Public Employees, 94-2270 (La. 11/30/94), 646 So.2d 351. The conflict in Midboe involved the constitutional and statutory jurisdiction of the state ethics commission and the power of the district court to declare unconstitutional a statutory provision of the ethics code. After a preliminary ruling by the ethics commission regarding the plaintiff, the plaintiff chose to attack the ruling through a declaratory judgment action in the district court. Though rulings of the ethics commission are appealable directly to the court of appeal, the supreme court recognized the plaintiff's right to bring a separate declaratory judgment action in the district court.
We have previously stated that the mere involvement of a worker's compensation statute or claim does not automatically subject the entire matter to the jurisdiction of the OWC, but rather must be closely and carefully scrutinized before making such a jurisdictional determination. Orthopedic Specialists of Louisiana v. Western Waste Industries, Inc., 28,281 (La.App. 2d Cir. 5/13/96), 674 So.2d 1180. For a hearing officer to have original jurisdiction, the claim must actually arise out of the Worker's Compensation Act, rather than merely relate to worker's compensation in general. Thus, the instant attack on the constitutionality of La.R.S. 23:1021(10)(d), presented as a claim for declaratory relief for elimination of that section from the Act, is not a claim or dispute for application of the Act and the special remedies therein. As such, it is outside the jurisdiction of the OWC.[4] In the event that plaintiff's constitutional challenge is upheld and LSAT does not thereafter voluntarily adjust its payments of benefits which have been and will be made, plaintiff's recourse for a conventional judgment for relief awarding past or future benefits must be pursued at the OWC.

*980 Conclusion

Thus, our holding today is limited to the context of a petition for declaratory judgment declaring that a worker's compensation statute is unconstitutional, there being no claim for benefits arising under the Act. Accordingly, the judgment of the district court sustaining the exception of lack of subject matter jurisdiction is reversed. We remand this case to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Due to the constitutional challenge to the statute, the state was joined pursuant to LSA-C.C.P. art. 1880.
[2] The statute provides for different computations for hourly wage employees depending on varying circumstances.
[3] E.g., To calculate the average weekly wage for a monthly wage worker, the monthly salary is multiplied by twelve and then divided by fifty-two.
[4] This case, unlike Tomas, in not presenting a suit seeking a conventional judgment for relief before the OWC, leaves for another day whether a constitutional challenge in such context is within the jurisdiction of the OWC.