11 KOSTELKA, J.
Thomas Baird appeals the judgment denying his request to choose his own registered nurse case manager. We affirm.
Facts
On October 3, 1990, Thomas Baird was injured in a car accident while in the course and scope of his employment as a field inspector with Policy Management Systems, Inc. Policy Management Systems, Inc. paid medical expenses resulting from the injury. On May 27, 1997, Sheila Robbins, a registered nurse employed as a medical case manager, wrote to Baird’s attorney informing him that she had been requested by the workers’ compensation carrier, St. Paul Fire & Marine Insurance Company (“St.Paul”), to assist Baird in the coordination of medical care. On June 2, 1997, Baird requested that St. Paul allow him to select Rene’ Turner for nurse case *462 management. When his request was denied, he filed the present claim with the Office of Workers’ Compensation seeking the right to name his own nurse case manager. At an expedited hearing on the issue, the workers’ compensation judge (WCJ) denied Baird’s claim finding that he had not demonstrated the medical necessity for such services under La. R.S. 23:1203. After dismissal of Baird’s case, this appeal ensued.
Discussion
Baird contends that the WCJ committed manifest error in finding that he failed to demonstrate a medical necessity for nurse case management under La. R.S. 23:1203 and in thereby denying his request to choose who performed those services. However, because the Louisiana Workers’ Compensation Law fails to provide Baird a right to the nurse case manager of his choice, we cannot agree.
The term “nurse case manager” appears nowhere in the workers’ compensation statutes. Appellant, in brief, even concedes that the services provided do not fall “neatly” into either the “treating physician” definition or | ¡.vocational rehabilitation services, and in fact admits that there is “no law, statutory or jurisprudential, that is definitive.” La. R.S. 23:1208(0(4) generally recognizes the existence of “medical case management” (addressing misrepresentation of benefits and penalties). But, the legislature has declined to regulate further or define either medical or nurse case management services, and has nowhere granted workers’ compensation claimants the choice of who provides those services. Even the classification of the services as either medical or rehabilitative, La. R.S. 23:1203, 1226, is of no avail to Baird.[1] The employer is given the right to the selection of the vocational counselor under La. R.S. 23:1226. La. R.S. 23:1203, addressing only the employer’s duty to pay for medical expenses, is silent as to the employee’s right to choose the provider of the services or treatment. Despite Baird’s argument that his right to choose his treating physician, under La. R.S. 23:1121, somehow extends to a nurse case manager, the statute clearly allows only the claimant’s choice of a “treating physician.”
Accordingly, without that clear mandate, Baird has no right to a nurse case manager of his choice.[2] The judgment of the WCJ is affirmed. Costs of this appeal are assessed to Baird.
AFFIRMED.
BROWN, J., concurs with reasons.
GASKINS, J., concurs with reasons assigned by BROWN, J.

. Based upon both the legislative silence on this issue and expert testimony in this case, which explained that nurse case management involved no treatment, we frankly question the soundness of "pigeonholing” these services within the classification of medical services covered by La. R.S. 23:1203. Nevertheless, because we have determined that Baird has no right to choose the case manager under any workers’ compensation provision, it is unnecessary that we resolve the issue of classification of the services at this juncture.

. Although the WCJ did not resolve the ultimate issue of Baird's right to choose a nurse case manager, the judgment should be affirmed, if correct, regardless of the trial court's reasons for judgment. Vig v. City of Shreveport, 28,530 (La.App.2d Cir.08/21/96), 679 So.2d 524, writ denied, 96-2285 (La. 11/15/96), 682 So.2d 775; Caldwell v. Second Judicial District IDB, 475 So.2d 96 (La. App. 2d Cir.1985), writ denied, 417 So.2d 1126 (La.1985).