KNOLL, Justice,
dissenting.
The per curiam opinion is premised upon the lack of authority by the hearing officer in removing a 'particular case manager, because the Worker’s Compensation Act does not provide for this. While there is no specific law providing for the replacement of a medical case manager, it can equally be reasoned that the Act does not provide for a medical case manager in administering the medical benefits of an injured claimant. Notwithstanding these arguments, in my view, the remedy fashioned by the hearing officer was not as drastic as “selecting” or “terminating” a case manager hired by the employer, but rather ordering the employer to replace, at its choosing,[1] another case manager because the case manager at issue was obstructionist by interfering with the claimant’s entitlement to medical benefits.[2] The majority recognizes that the actions of the case manager were egregious. This is not seriously contested. The simple remedy of ordering the employer to replace the case manager for the good cause shown in this case is in keeping with the inherent authority] ¡pf the hearing officer.
Indeed, I find that in confining the scope of its consideration to certain statutorily enumerated remedies, the court has abrogated the inherent powers of the workers’ compensation hearing officer, thereby *1105 thwarting the purpose of the Workers’ Compensation Act.
Previously, this court has recognized that Workers’ Compensation embodies a compromise: “Countervailing sacrifices are demanded from each party. In exchange for the limitations on the accident victim’s remedy, a strict liability system guarantees a recovery by superseding the plaintiffs prior obligation to prove negligent conduct.” Butler v. Flint Goodrich Hosp. of Dillard Univ., 607 So.2d 517, 530 (La.1992). As part of this compromise, the procedure for an injured employee to obtain much-needed medical benefits was intended to be streamlined: “A relatively simplified claims procedure significantly benefits the plaintiff by providing a prompt and efficient mechanism for damage recovery, thereby obviating for all parties the costs and long delays of ordinary negligence litigation.” Id. (emphasis added).
While this goal of a streamlined procedure to provide benefits existed from the beginning, the reality at times proved different. Accordingly, in 1988, the legislature vested the hearing officer “with original, exclusive jurisdiction over all claims or disputes arising out of [the Worker’s Compensation] Chapter, including but not limited to workers’ compensation insurance coverage disputes.... ” La. R.S. 23:1310.3(D). This legislative grant of authority was deemed so important that after R.S. 23:1310.3 was declared unconstitutional because it infringed on the jurisdiction of the district courts,[3] the voters of this State amended the constitution to conform 13"with 28:1310.3.[4]
While reviewing courts have often commented upon the limited extent of the grant of authority to hearing officers,[5] one point remains clear: “But whatever they are, they are resolving disputes. This obviously brings them into the ordinary ebb- and-flow of litigation and requires that they be prepared to deal with all manner of ordinary dispute resolution procedure which is not specifically covered in their authority unthin the Act — except by the general provision that they are to resolve disputes ‘arising under this Chapter’ according to La. R.S. 23:1310.3(E).” H. Al-stoN Johnson III, WORKERS’ Compensation Law and Practioe § 385, p. 48 (3d ed. 2001 Suppl.).
In this role of dispute resolution, the issue before the hearing officer was not that of exercising authority in contravention of the self-insured employer’s choice to hire a case manager, but to ensure that the injured worker received the medical benefits to which he was entitled. If it is true that a hearing officer does not render a “judgment,” only “an order, decision, or award,”[6] then it was not only proper, but more appropriate, that instead of waiting for the apparent eventuality of having to assess another monetary penalty for late benefits, the hearing officer ordered action that he deemed would be more advantageous than an award of money.
*1106 In this case, the hearing officer ordered that the case manager be replaced because of her broad failures in providing benefits: “So based on the problem with the wheelchair, the problem with the ramp, the problem with her lack of knowledge 1 concerning the claimant’s condition, his transportation, the fact of where he’s living, her failure to provide those medical reports when she had them in her possession ... the fact that she failed to provide the wheelchair in a timely manner.... ” Obviously, the claimant’s needs were great and while a penalty award seeks to correct a situation after the fact, it does nothing to solve such pressing needs between the time of the case manager’s next failures and the 1008 hearing that they prompt. While I would also add that the remedy of ordering the replacement of the case manager appears to be designed to protect the employer in this case as much as the employee by trying to avert the need for another penalty, I conclude that this remedy, although not specifically enumerated, lay well within the discretion of the hearing officer.
Accordingly, I respectfully dissent.

. By the time this case came before this court, Davison Transport had already replaced the case manager.

. I find it significant, as did the Court of Appeal, that the case manager that Mr. Martin sought to have replaced was the same case manager that the claimant sought to have replaced in Baird v. Policy Management Systems, Inc., 31,715 (La.App. 2 Cir. 3/31/99), 731 So.2d 461.

. See Moore v. Roemer, 560 So.2d 927 (La.App. 1 Cir.1990).

. The legislative proposal for amendment, ultimately adopted, provided: "[E]xcept as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a district court shall have original jurisdiction of all civil and criminal matters.” Acts 1990, No. 1098, effective November 7, 1990.

. See, e.g., Whittington v. Langston Drilling Co., 26,001, p. 4 (La.App. 2 Cir. 9/21/94), 643 So.2d 336, 339: “The OWC is a legislatively-created administrative body, in which the WCHOs [hearing officers] function in a quasi-judicial capacity to settle workers’ compensation disputes.”

. Id. (emphasis in original, other emphasis in original omitted).