# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-21

RAVEN GOTTE, JR.

VERSUS

AIR CONDUIT, LLC AND

AMERISURE INSURANCE COMPANY

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 03
PARISH OF CALCASIEU, NO. 17-07826
MELISSA A. ST. MARY, WORKERS COMPENSATION JUDGE

**********

## GARY J. ORTEGO
## JUDGE

**********

Court composed of Shannon J. Gremillion, John E. Conery, and Gary J. Ortego, Judges.

**AFFIRMED.**

**Michael Benny Miller**
**Miller & Associates**
**PO Drawer 1630**
**Crowley, LA 70527**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Raven Gotte, Jr.**

**Bradley Paul Naccari**
**Juge, Napolitano, Guilbeau**
**107 N. Theard Street**
**Covington, LA 70433**
**(504) 831-7270**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Air Conduit, LLC**
    **Amerisure Ins. Co.**

**ORTEGO, Judge.**

In this workers compensation proceeding, an injured employee appeals the Workers Compensation Judge's (WCJ's) affirmation of the employer's 50% reduction of his Supplemental Earnings Benefits (SEB), from $630.00 to $315.00 per week, effective September 28, 2017, pursuant to the employee's failure to cooperate with the vocational rehabilitation counselor.

## FACTS AND PROCEDURAL HISTORY

Defendants, Air Conduit, LLC and Amerisure Insurance Company, ("Defendants") conceded that on May 14, 2015, claimant, Raven Gotte, Jr. ("Gotte"), sustained a compensable injury to his right shoulder and bicep in an accident that occurred while claimant was acting in the course and scope of his employment with Air Conduit, LLC.

The injury to Gotte's shoulder was significant, resulting in the need for several surgeries, including one performed on his right shoulder by orthopedic surgeon, Dr. Michael Duval, in March 2017. This controversy arose after Dr. Duval released claimant to return to sedentary work on June 29, 2017.

Defendants retained GENEX Services, LLC ("GENEX") to provide claimant with vocational rehabilitation, as required by La. R.S. 23:1226, to facilitate Gotte's return to work within his work restrictions. GENEX, and its licensed vocational counselor, Zeralda Lagrange, among other staff members, was to provide claimant with the vocational rehabilitation services as mandated by La. R.S. 23:1226.

Pursuant thereto, commencing on September 13, 2017 through November 2, 2017, Ms. Lagrange initiated several attempts to contact Gotte, and his counsel, to set up an initial meeting and a rehabilitation plan for Gotte, as prescribed by law.

1

Gotte failed to respond to any of the counselor's letters and notices. Thereafter, and pursuant to Gotte's failure to cooperate with the vocational counselor, the employer initiated a 50% reduction in Gotte's SEB benefits, pursuant to La. R.S. 23:1226(B)(3)(c), retroactive to September 28, 2017.

Gotte filed a 1008 Disputed Claim for Compensation on December 6, 2017, disputing the reduction of his benefits, retroactive to September 28, 2017, along with penalties, attorney fees, costs and legal interest; and filed an Amended 1008 in 2018. This matter was set for trial on the merits for July 17, 2021, with the WCJ filing its "Scheduling Order" on April 17, 2021. The trial was heard on July 17, 2021, and the WCJ ruled that the defendants' reduction of Gotte's benefits, pursuant to La. R.S. 23:1226 (B)(3)(c), was warranted due to Gotte's failure to respond and cooperate with the vocational rehabilitation counselor. The judgment was signed by the WCJ on July 29, 2021, and Gotte appealed the judgment.

## ASSIGNMENTS OF ERROR

Claimant appeals, assigning four errors.

1. The workers compensation judge erred in failing to find that Gotte is entitled to the 50% of his weekly indemnity benefits withheld by Air Conduit.

2. The workers compensation judge erred in excluding all of Gotte's exhibits and Brandi Woodburn as a witness.

3. The workers compensation judge clearly erred in dismissing issues 1, 2, 3, 4, 5 and 9 in the Amended 1008, Appendix A and the Judgment dated June 29, 2018, should be reversed.

4. In the July 28, 2021, hearing, the workers compensation judge erred in her judgment which expanded the issues for trial.

2

*Standard of Review*

        The manifest error standard of review is the correct standard to be applied by the appellate court in workers' compensation cases. *Dean v. Southmark Construction*, 03-1051 (La 7/6/04), 879 So.2d 112. Thus, the WCJ's findings will not be set aside absent a showing that they are clearly wrong. *Alexander v. Pellerin Marble & Granite*, 93-1698 (La 1/14/94), 630 So.2d 706. "The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Blake v. Turner Industries Group, LLC*, 12-140, p. 6 (La.App. 1 Cir. 9/21/12), 111 So.3d 21, 25.

*Young v. CB&L, LLC*, 20-619, p. 4 (La.App. 3 Cir. 10/27/21), 329 So.3d 905, 909.

"Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989) (*citing Arceneaux v. Domingue*, 365 So.2d 1330, 1333 (La.1978)).

        When findings are based on determinations regarding the credibility of witnesses, the manifest error – clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said.

*Id.*

## *ASSIGNMENT OF ERROR 1:*

*La. R.S. 23:1226 Reduction of Benefits*

In his first assigned error, Claimant asserts that the WCJ erred by concluding that Defendants' reduction of Gotte's Supplemental Earnings Benefits ("SEB") was proper. Defendants counter that the WCJ's judgment should be upheld pursuant to La. R.S. 23:1226 (B)(3)(c), given Gotte's failure to cooperate with the vocational rehabilitation counselor's rehabilitation plan. Citing *Alexander v. Pellerin Marble & Granite*, 630 So.2d 706 (La.1994) and *Mart v. Hill*, 505 So.2d 1120 (La.1987).

Defendants urge that we remain steadfast in applying the manifest error standard of appellate review applicable to fact findings in workers compensation proceedings.

Louisiana Revised Statutes 23:1226 is the workers compensation statute that provides for vocational rehabilitation services to an injured employee, such as Gotte. Additionally, La. R.S. 23:1226 (B)(3)(c) permits employers to reduce SEB benefits to claimants who refuse such rehabilitation services, and states, in pertinent part:

> (c) Upon refusal by the employee, the employer or payor may reduce weekly compensation, including supplemental earnings benefits pursuant to R.S. 23:1221(3), by fifty percent for each week of the period of refusal.

*Conflict of Interest*

In our case, the Appellant contends that the actions, violations and "reckless" disregard of workers' compensation laws and ethical rules by GENEX, as the employer's choice as vocational rehabilitation provider, created a conflict of interest in this case, thus relieving Gotte's statutorily mandated cooperation with the vocational rehabilitation counselor. We disagree.

This court is aware that there exists a long and continuing history of litigation as to the issue of "conflict of interest" of case managers' and vocational rehabilitation counselors' statutorily mandated duties to provide rehabilitation services versus the rights of injured employees to receive proper and fair rehabilitation services to assist and enable each employee "to return to suitable employment," pursuant to La. R.S. 23:1126(B)(1) and 23:1226(B)(1)(a).

However, this court is bound by the statutory and jurisprudential requisites as to this issue. The Louisiana Supreme Court in *Hargrave v. State,* 12-341 (La. 10/16/12), 100 So.3d 786, found and states that there does not exist a per se conflict of interest as to this issue. Thus, the issue of any alleged conflict of interest resulting

4

in a reduction of an injured employee's benefits, pursuant to La. R.S. 23:1226(B)(3)(c), although penal in nature, shall be reviewed on a case-by-case basis therein.

Here, the record clearly shows that the vocational rehabilitation counselor, after her selection by the employer, initiated several attempts to contact Gotte, including letters dated September 13, 2017, September 29, 2017, and November 2, 2017, to set up an initial meeting and evaluation in order to create a rehabilitation plan for Gotte, as prescribed by law, all to no avail. The record further shows that Gotte failed to respond, formally or informally, to the counselor's letters and notices. Had the claimant, or his counsel, responded to these attempts by the rehabilitation counselor, by providing notice to the employer or counselor of Gotte's objections, questions and other concerns, including any alleged conflicts of interest of the vocational rehabilitation counselor and GENEX, then Gotte's rights and objections would have been preserved for review by the WCJ.

At trial, Ms. Lagrange testified that she first attempted to reach Gotte's counsel via letter dated September 13, 2017, to introduce herself and to request that he reach out to her to schedule a meeting with Gotte so that she could commence his vocational rehabilitation plan. Then she sent a second letter dated September 29, 2017, and a third letter dated November 2, 2017, but Gotte failed to respond to any of these requests. The record shows that Gotte merely ignored and failed to respond, formally or informally, to the rehabilitation counselor's requests and notices.

Due to Gotte's lack of response, Gotte's indemnity benefits were reduced, pursuant to LSA R.S. 23:1226(B(3)(c), with Defendants filing the appropriate notice in connection with same. Thereafter Gotte filed his Form 1008 Dispute Claim for Compensation, on December 6, 2017.

5

Evidence in the record supports the WCJ's finding that Gotte did in fact fail to cooperate with the employer's vocational rehabilitation counselor, and the counselor's several attempts to meet with claimant to establish the statutorily mandated rehabilitation plan to enable Gotte to return to suitable employment. Additionally, the record shows that, at the trial, Gotte provided no evidence to rebut or explain his failure to cooperate with the mandated rehabilitation services, except for his argument of an alleged conflict of interest.

Accordingly, we hold that there was sufficient evidence to support the findings of the WCJ that Gotte failed to cooperate with the vocational rehabilitation services, thereby warranting the defendants' reduction of Gotte's indemnity benefits, pursuant to La.R.S. 23:1226(B)(3)(c), and we find this assignment of error to be without merit.

### ASSIGNMENT OF ERRORS 2, 3 AND 4:

*Exclusion of Evidence, Witnesses, and Other Issues*

The remainder of Gotte's assigned errors all pertain to the WCJ's rulings and exclusion of certain documents and the testimony of a witness, along with dismissal of certain previous allegations by Gotte, at his trial. In his second, third and fourth assigned errors, Gotte asserts that the WCJ erred by excluding certain documents and exhibits, and the testimony of Brandi Woodburn, along with the alleged expansion and dismissal of the certain other issues and claims. We disagree.

This court has previously considered some of the same issues and arguments presented as Gotte's assigned errors #2, #3, and #4 in this appeal. A different panel of this court in the first *Gotte* case, *Raven Gotte v. Air Conduit, LLC, et al*, 19-574, (La.App. 3 Cir. 10/8/19), considered Gotte's "Application for Supervisory Writ"

6

from a 2019 judgment and pre-trial rulings of the WCJ's excluding some of these same documents, exhibits, and the testimony of Brandi Woodburn, along with the other issues now on appeal. That panel affirmed the WCJ's rulings as to these same issues, as argued then and now by Gotte, finding, "We find no abuse of discretion in the Office of Worker's Compensation court's rulings."

Now, as to this appeal, and Gotte's second, third and fourth assigned errors, the jurisprudence is clear that the WCJ has great discretion in determining whether to allow the introduction of evidence in a worker's compensation matter, and such rulings will not be disturbed on appeal in the absence of an abuse of discretion.

This court in the case of *Belaire v. Don Shetler Olds Buick Chevrolet*, 02-1152 at pp. 7-8 (La.App. 3 Cir. 6/4/03), 847 So.2d 723, 729, stated the general rule that:

> The workers' compensation judge has great discretion in the introduction of evidence and her decision whether to allow or disallow such evidence will not be reversed on appeal in the absence of an abuse of that discretion. *Faul v. Bonin*, 95–1236 (La.App. 3 Cir. 8/7/96), 678 So.2d 627, *writ denied*, 96–2221 (La.11/15/96), 682 So.2d 769.

Additionally, the WCJ shall not be bound by technical rules of evidence or procedure; nevertheless, all findings of fact in workers compensation proceedings must be based upon competent evidence. La.R.S. 23:1317.

Here, the record clearly shows that Gotte failed to properly follow the WCJ's scheduling order and the deadlines set forth to provide proper notice of all witnesses, documents and other evidence that each party intended to present at the trial on the merits. The record shows that when Gotte's attorney attempted to introduce same at the trial, Defendants timely objected to his failure to properly and timely notify them of those certain documents, and as to the testimony of Brandi Woodburn, along with Gottee's other issues. The WCJ, citing its scheduling order, and other reasons for

ruling, granted Defendants' request and ordered the exclusion of Gotte's exhibits, and the other alleged issues, and the WCJ's denial and refusal to allow the trial record to remain open for the testimony of Ms. Woodburn. We find no manifest error in the WCJ's decision and rulings.

*Proffered Evidence, Witness and other Issues*

Although we have found no error in the WCJ's rulings and exclusions of said evidence, we will discuss the appellant's proffered evidence.

The first proffered exhibit was a one page "Case Manager's Services Client's Bill of Rights and Responsibilities" as to employees' rights and "opportunity to participate." This court notes that this document correctly does not claim to allow the employee the right to refuse or ignore statutorily mandated rehabilitation services completely. This proffered exhibit is a mere nonlegal summary and thus falls within the WCJ's much discretion to exclude.

The second proffered exhibit is the opinion of *Baird v. Policy Managements Systems, Inc.,* 31,715 (La. App. 2 Cir. 3/31/99), 731 So.2d 461. *Baird* does not deal with a claimant's obligation to participate in vocational rehabilitation, but rather stands for the proposition that, while La.R.S. 23:1203 allows the claimant's choice of a "treating physician," it does not permit claimants to choose a nurse case manager, and thus falls within the WCJ's much discretion to exclude.

The third proffered exhibit is a single page handwritten cover sheet referencing "oral testimony." We note that there is nothing contained in this appeal record that accompanies this cover sheet; and, therefore, any possible relevance to this matter is unknown and unproven, and thus falls within the WCJ's much discretion to exclude.

8

Finally, Gotte proffers mileage logs for reimbursement for the period of August 26, 2016 to March 6, 2017. We find these documents are not relevant to the threshold issue presented by Gotte at his trial on the merits, and thus falls within the WCJ's much discretion to exclude.

Likewise, we find that Gotte's claims at trial were not prejudiced by the WCJ's refusal to hold the record open for the testimony of the nurse case manager, Brandie Woodburn. Ms. Woodburn was only involved with Gotte's claim until June 29, 2017, when Dr. Duval released Gotte to sedentary work. However, the first of Ms. Lagrange's three letters, as to vocational rehabilitation, was not sent until September 13, 2017; thus, we find no error in WCJ's ruling that Ms. Woodburn's testimony would not have contributed any "competent evidence," pursuant to La. R.S. 23:1317, regarding the central questions of whether Defendants offered Gotte vocational rehabilitation, and whether he failed to participate when offered same by his employer.

Gotte further contends that the WCJ erred by dismissing issues 1, 2, 3, 4, 5 and 9 of Gotte's Amended 1008, Appendix A, and that by the Judgment dated June 29, 2018, the WCJ erred by allegedly "expanding the issues" for trial. As stated above, the WCJ has great discretion in determining whether to allow the introduction of evidence in a workers compensation proceeding. *See Belaire, supra.*

For the foregoing reasons, given our appellate function, the status of the record, and the applicable standard of review, we find that the evidence in the record, along with the WCJ's broad discretion as to the timeliness and relevancy of evidence offered by the parties, supports the WCJ's findings and exclusion of these proffered documents, as to the testimony of Ms. Woodburn, and the dismissal of Gotte's other

9

issues and allegation. Accordingly, we find the WCJ did not manifestly err as to these assigned errors; and we find the appellant's assignments of error #2, #3 and #4 to be without merit.

## **<u>DECREE</u>**

For the reasons set forth herein, the judgment of the Worker's Compensation Judge is affirmed. All costs of this appeal are assessed to Raven Gotte, Jr.

**AFFIRMED.**